**James H. SHELTON and University Village Music Center, a business, Plaintiffs-Appellants.**

v.

**UNITED STATES CUSTOMS SERVICE and Russell D. Wrenn, Gene S. Orr and Kern, Defendants-Appellees.**

No. 76–3762.

United States Court of Appeals, Ninth Circuit.

Dec. 13, 1977.

James H. Shelton, in pro per.

J. Ronald Sim, U. S. Atty., Seattle, Wash., for defendants-appellees.

Before TRASK, WALLACE and ANDERSON, Circuit Judges.

PER CURIAM:

James H. Shelton proceeding in *propria personam* sought recovery of damages in the district court alleging violation of his Fourth Amendment rights. Subject matter jurisdiction was asserted under 28 U.S.C. § 1331 (Federal question jurisdiction). The named defendants were United States Customs Service and Russell D. Wrenn and Gene S. Orr, and James H. Curran. Orr, Wrenn and Curran (erroneously named Kern) were special agents of the Customs Service.

On December 24, 1975, Shelton, who was the owner of the University Village Music Center in Seattle, imported a Jose Ramirez classical guitar from Spain. He filed an informal entry[1] by orally declaring the value of the guitar as $265. He paid the duty assessed on that value. In February 1976, the Seattle Customs Office received information from the Chicago Customs Office that Shelton may have been undervaluing Jose Ramirez classical guitars. Investigation was assigned to Agent Wrenn who determined the model imported by Shelton sold to the public in Spain at approximately $735 and in the United States at $2,075. He then placed the instrument under seizure and asked Shelton to produce pertinent records, which was done. The agent's version of the several meetings with Shelton present a picture of friendly cooperation; Shelton, however, told of the officers forcing their way into his premises without consent and without warrant and seizing his private records.

The customs officers moved for summary judgment on the grounds that the complaint failed to state a claim upon which relief could be granted and that the defendants were immune from suit. The district court granted the motion, ruling that the defendants were immune and directed the clerk to enter judgment and to send copies to plaintiff and to counsel for judgment. The clerk entered judgment dismissing the cause.

We first consider the status of the United States Customs Service as a party defendant. There was no showing made that the United States Customs Service as an agency of the United States was subject to suit in its own name. It is well established that federal agencies are not subject to suit *eo nomine* unless so authorized by Congress in explicit language. *Blackmar v. Guerre*, 342 U.S. 512, 515, 72 S.Ct. 410, 96 L.Ed.2d 534 (1952); *Midwest Growers Co-op Corp. v. Kirkemo*, 533 F.2d 455 (9th Cir. 1976). We know of no such authority here and therefore dismiss the action insofar as the Customs Service is concerned.

As to the federal agents who are defendants and are charged with improper conduct, their defense is that they have a qualified immunity for their acts as representatives and employees of an agency of the United States, *viz* the Treasury Department. The qualified immunity rule protects such law enforcement agents from damage actions if (1) at the time and in the light of all of the circumstances there existed reasonable grounds for their belief that the action they took was appropriate, and (2) the agents acted in good faith. *Mark v. Groff*, 521 F.2d 1376, 1379 (9th Cir. 1975); *see Scheuer v. Rhodes*, 416 U.S. 232, 247, 94 S.Ct. 1683, 40 L.Ed.2d 90 (1974).

Here, the facts abundantly disclose that reasonable grounds existed for them to believe that the actions they took were appro-

---

1. *See* 19 C.F.R. § 143.21.

priate and there was no evidence that they acted other than in good faith. They sought and obtained an official Citation to Appear and Produce Documents and conducted their examination under the authority of that document. They already had information from their own sources that there was strong likelihood that the customs laws were being violated. The district court was correct in deciding that the conduct of the individual defendants was within the protection of the doctrine of qualified immunity. *See Midwest Growers Co-op Corp. v. Kirkemo, supra.* The affidavits in support of the motion for summary judgment clearly support this immunity and those affidavits in opposition do not defeat the application or raise any genuine issue of fact which would require a jury to determine.

The judgment of the district court is AFFIRMED.