922 F.2d 846
 Unpublished Disposition
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
 
 Kirk L. WHITCOMBE and Susan Whitcombe, Plaintiffs-Appellants,
v.
UNITED STATES DEPARTMENT OF TREASURY, Internal Revenue
Service, Richard G. Bergmans, IRS Revenue Officer,
Commissioner of Internal Revenue
Service, Defendants-Appellees.
 No. 90-35039.
 United States Court of Appeals, Ninth Circuit.
 Submitted Jan. 8, 1991.*
Decided Jan. 10, 1991.
 Before WRIGHT, BRUNETTI and LEAVY, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 An action for damages and injunctive relief was brought by these federal taxpayers for an allegedly wrongful assessment and collection of unpaid taxes. The district court dismissed the action for lack of subject matter jurisdiction. We affirm.
 
 
 3
 * In 1982 and 1983, Kirk Whitcombe was assessed for federal taxes owed for 1981 and 1982. He ran a small logging business that employed several people. He was married in Washington in 1987 to Susan Whitcombe, who is the co-plaintiff in this suit.
 
 
 4
 On January 20, 1988, Internal Revenue Service official Richard G. Bergmans contacted Whitcombe about the nonpayment of the owed taxes. Because the statute of limitations for collection of the taxes was running, the IRS asked the Whitcombes to sign a waiver form. They initially refused, asking for documentation about how the allegedly unpaid taxes were calculated in light of previous payments. They contend they had overpaid and were entitled to a refund. They signed two waivers on January 21.
 
 
 5
 Because the Whitcombes defaulted on their installment agreement with the IRS, the IRS served them with Notice of Intention to Levy and a Notice of Seizure on October 13, 1988. On February 10, 1989, two trucks were seized. They were registered in Kirk Whitcombe's name and used by his logging business. One of the vehicles was purchased after the Whitcombes were married. Susan Whitcombe claims it is community property.
 
 
 6
 Without the trucks, Kirk Whitcombe was unable to continue his logging operation and in March 1989 the Whitcombes filed for bankruptcy under Chapter 13. The bankruptcy action was dismissed later because they failed to meet the payment plan.
 
 
 7
 On March 6, 1989, the Whitcombes received notice that the IRS was going to sell the trucks. They filed this suit on March 27, 1989, asking for injunctive relief, return of the trucks, judgment for overpaid taxes and damages. The district court dismissed the complaint for lack of subject matter jurisdiction and denied their motion for reconsideration.
 
 II
 
 8
 A timely notice of appeal is a jurisdictional prerequisite to appellate review. Fed.R.App.P. 4(a). The notice must be signed by the party or her attorney. McKinney v. De Bord, 507 F.2d 501, 503 (9th Cir.1974). The appellants here are pro se and only Kirk Whitcombe signed the notice of appeal. Even in a pro se action, each party must sign the notice. Carter v. Comm'r, 784 F.2d 1006, 1008 (9th Cir.1986). We dismiss Susan Whitcombe's appeal for lack of jurisdiction.
 
 III
 
 9
 Without a specific statutory waiver of sovereign immunity, the United States and its agencies may not be sued eo nomine. Blackmar v. Guerre, 342 U.S. 512, 515 (1952); Shelton v. United States Customs Serv., 565 F.2d 1140, 1141 (9th Cir.1977). No broad waiver of sovereign immunity applies to the Treasury Department or IRS. See Liffiton v. Keuker, 850 F.2d 73, 77 (2d Cir.1988); Gilbert v. DaGrossa, 756 F.2d 1455, 1458 (9th Cir.1985); Castleberry v. Alcohol, Tobacco & Firearms Div. of Treasury Dept., 530 F.2d 672, 673 n. 3 (5th Cir.1976). Sovereign immunity cannot be avoided by suing employees or officers of the agency in their official capacity. Gilbert, 756 F.2d at 1458.
 
 
 10
 This is not a refund action under 26 U.S.C. Sec. 7422, and Kirk Whitcombe presents no statutory evidence that sovereign immunity has been waived.[1] Whitcombe's claims against the Treasury Department, the IRS and Bergmans, as an IRS official, must be dismissed for lack of jurisdiction.
 
 IV
 
 11
 Whitcombe contends his complaint, affidavits and memoranda clearly indicate that he intended to sue Bergmans in his individual capacity. Even if that were true, Bergmans is entitled to qualified immunity. Government officials are immune from damage suits "insofar as their conduct does not violate clearly established statutory or constitutional rights of which a reasonable person would have known." Harlow v. Fitzgerald, 457 U.S. 800, 818 (1982).
 
 
 12
 Whitcombe does not allege that Bergmans violated IRS procedures.[2] He argues that he was deprived of a pre-seizure hearing or explanation, but he does not deny that he received the Notice of Intention to Levy and Notice of Seizure. He also had discussed his delinquent tax situation with Bergmans months earlier.
 
 
 13
 A post-deprivation hearing in a tax collection matter is sufficient to meet minimum due process requirements. Commissioner v. Shapiro, 424 U.S. 614, 630 n. 12 (1976); Bob Jones Univ., 416 U.S. at 746-48. Thus, Whitcombe has alleged no violation of his due process rights that was "sufficiently clear that a reasonable official would understand that what he [was] doing violat[ed] that right." Anderson v. Creighton, 483 U.S. 635, 640 (1987).
 
 
 14
 Because Bergmans is entitled to qualified immunity, Whitcombe failed to state a claim upon which relief may be granted.
 
 V
 
 15
 The Anti-Injunction Act works as a general bar to suits to enjoin collection of taxes. 26 U.S.C. Sec. 7421 (1988). Whitcombe alleges that he falls within the exception created by Enochs v. Williams Packing Co., 370 U.S. 1 (1962). Williams Packing requires that the plaintiff show that (1) "under no circumstances" the government will ultimately prevail and (2) "equity jurisdiction" otherwise exists. Id. at 6-7. The second prong requires a demonstration of irreparable harm and the lack of an adequate remedy at law. Jensen v. I.R.S., 835 F.2d 196, 198 (9th Cir.1987).
 
 
 16
 The district court held that the first prong of the Williams Packing test did not need to be addressed because the government did not disclose information as required by Commissioner v. Shapiro, 424 U.S. 614, 628 (1976). The court also concluded that Whitcombe failed to allege an irreparable injury and to show that the refund action was not an adequate remedy. In dismissing the action, the court correctly noted that both prongs of Williams Packing must be met to render the Anti-Injunction Act inapplicable. See Alexander v. "Americans United" Inc., 416 U.S. 752, 758 (1974).
 
 
 17
 This court has held that the refund action under Sec. 7422 is an adequate remedy at law, which sufficiently protects due process rights. Cool Fuel, Inc. v. Connett, 685 F.2d 309, 314 (9th Cir.1982); Stonecipher v. Bray, 653 F.2d 398, 401 (9th Cir.1981), cert. denied, 454 U.S. 1145 (1982).
 
 
 18
 The seizure of the trucks certainly caused financial hardship. Unlike the taxpayer in Jensen, however, no levy was placed on Whitcombe's wages and the record indicates that he could have gotten the two vehicles back by paying the minimum bid of $1,200 plus other expenses. Whitcombe does not allege that he could not pay the $1,200. More significantly, Whitcombe does not allege that he was unable to pay the minimum amounts required to bring an action under Sec. 7422.[3] In contrast, Jensen was unable to pay the deficiency and the IRS action had prevented him from pursuing any administrative remedy. 835 F.2d at 198.
 
 
 19
 Because Sec. 7422 was an available remedy to contest the assessment and collection of taxes, Whitcombe fails to meet the Williams Packing test. His claims for injunctive relief are dismissed.
 
 
 20
 We dismiss the appeal as to Susan Whitcombe and affirm the judgment as to appellant Kirk L. Whitcombe.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a); Ninth Circuit Rule 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36-3
 
 
 [1]
 Reliance on the Fifth Amendment, general jurisdictional statutes and provisions of the Administrative Procedures Act as authority for waiver of sovereign immunity is foreclosed by this court's decision in Gilbert, 756 F.2d at 1459; see Califano v. Sanders, 430 U.S. 99, 105 (1977). Susan Whitcombe's wrongful levy action under 26 U.S.C. Sec. 7426 is irrelevant here, because this court has no jurisdiction over it
 
 
 [2]
 Whitcombe does argue that premising the collection of taxes on the statute of limitations waiver was wrong because the waiver was invalid and improper as the amounts owed were not filled in on the forms. First, he cites no authority for the proposition that the forms were invalid if the amounts owed were left blank. Second, the amounts owed were filled in on the copies of the waivers in the record. Bergmans' affidavit also says the forms were filled out completely before Whitcombe signed them
 
 
 [3]
 Before initiating a refund suit under Sec. 7422, the taxpayer must pay the assessed taxes. When the taxes are "divisible," as they are here, the full-payment rule is fulfilled if the taxpayer pays what is owed for one taxable event. Flora v. United States, 362 U.S. 145, 171 n. 37 (1960). Whitcombe would have to pay only the taxes due for one quarter for one employee