Florence BILLINGS, Plaintiff–Appellant,

v.

UNITED STATES of America; Marilyn Quayle; Jeff Eisenbeiser; Tony Guilbault; David Cahill; Ross Dvorak; Scott Kecskes; County of San Bernardino, et al., Defendants–Appellees.

No. 94–55013.

United States Court of Appeals, Ninth Circuit.

Argued and Submitted Nov. 2, 1994.

Decided June 12, 1995.

Rosario Perry, Santa Monica, CA, for plaintiff-appellant.

Robert I. Lester, Asst. U.S. Atty., Los Angeles, CA, for defendants-appellees.

Before: FLOYD R. GIBSON,* HUG, and POOLE, Circuit Judges.

FLOYD R. GIBSON, Senior Circuit Judge:

Florence Billings appeals the district court's denial of her motion for an order setting aside substitution of the United States in place of defendant Marilyn Quayle, the court's dismissal of her claims against the United States (as substituted for defendant Marilyn Quayle) and the court's dismissal of her 42 U.S.C. § 1983 (1988)[1] claims against the federal agents. We have jurisdiction over these claims following their certification for appeal pursuant to Fed.R.Civ.Proc. 54(b). We AFFIRM.

---

* The HONORABLE FLOYD R. GIBSON, Senior Judge for the Eighth Circuit Court of Appeals, sitting by designation.

1. "Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress ..."

## I. BACKGROUND

This case arises from a confrontation between Florence Billings and several Secret Service Agents and San Bernardino Sheriff's Officers while Marilyn Quayle was inspecting earthquake damage in Yucca Valley, California on July 15, 1992. While Ms. Quayle was speaking to members of the public, Secret Service Agents determined that the sign Ms. Billings was carrying was a threat to security and attempted to remove it. When Ms. Billings refused to surrender her sign, a scuffle ensued. The Secret Service Agents handcuffed Ms. Billings, later turning her over to the custody of local Sheriff's officers.

Ms. Billings filed suit in state court alleging various constitutional violations against the Secret Service Agents and Sheriff's officers in their individual capacities pursuant to 42 U.S.C. § 1983, a *Bivens* claim (*See Bivens v. Six Unknown Named Agents of Fed. Bureau of Narcotics,* 403 U.S. 388, 91 S.Ct. 1999, 29 L.Ed.2d 619 (1971)) against the Secret Service Agents, and common law tort claims against the Secret Service and Sheriff's officers both individually and in their official capacities and against Ms. Quayle in her individual capacity under the theory of respondeat superior.

Agent Cahill removed the action to federal district court. The Attorney General then certified that Ms. Quayle and the federal agents were federal employees acting within the scope of their employment and filed a notice of substitution pursuant to 28 U.S.C. § 2679(d) (1988) for the common law claims that were asserted or could be asserted against Ms. Quayle and the federal agents. The district court then issued an Order Correcting Caption which substituted the United States in place of Ms. Quayle.

Ms. Billings filed a motion to set aside the substitution of the United States as defendant and striking the Attorney General's certifications. The United States opposed the motion and moved to dismiss the common law claims under Fed.R.Civ.Proc. 12(b)(1) (lack of jurisdiction) and 12(b)(6) (failure to state a claim) on the grounds that Ms. Billings had failed to exhaust her administrative remedies pursuant to the Federal Tort Claims Act. The district court denied Ms. Billings' motion, finding that Ms. Quayle was a federal employee acting within the scope of her employment. The district court granted the government's motion to dismiss all common law claims for lack of subject matter jurisdiction. The district court also dismissed the 42 U.S.C. § 1983 claims against the Secret Service Agents on its own motion on the basis that § 1983 states no cause of action against federal agents acting under the color of federal law, leaving only Ms. Billings' *Bivens* claim.

## II. DISCUSSION

### A. Scope Certification of the Secret Service Agents

■ Ms. Billings argues that the district court erred in denying her motion to strike the 28 U.S.C. § 2679(d)(1) certifications of Secret Service Agents Eisenbeiser, Cahill, and Guilbault. Because she claims to have alleged only constitutional violations against the agents in their individual capacity pursuant to 42 U.S.C. § 1983 and *Bivens v. Six Unknown Agents of the Federal Bureau of Narcotics,* Billings claims that it was inappropriate to substitute the United States in their place. We review certification under 28 U.S.C. § 2679(d)(1) de novo. *Green v. Hall,* 8 F.3d 695, 698 (9th Cir.1993), *cert. denied,* — U.S. ——, 115 S.Ct. 58, 130 L.Ed.2d 16 (1994).

The substitution provision of the Federal Employees Liability Reform and Tort Compensation Act (FELRTCA) provides that "[u]pon certification by the Attorney General that the defendant employee was acting within the scope of his office or employment at the time of the incident out of which the claim arose ... the United States shall be substituted as the party defendant." 28 U.S.C. § 2679(d)(1). The purpose of this amendment to the Federal Tort Claims Act was to "remove the potential personal liability of Federal employees for common law torts committed within the scope of their employment, and ... instead provide that the exclusive remedy for such torts is through an action against the United States under the Federal Tort Claims Act." H.R.Rep. No. 700, 100th Cong., 2d Sess. 4

(1988). Ms. Billings correctly notes that constitutional claims are outside the purview of the Federal Tort Claims Act. *See* 28 U.S.C. § 2679(b)(2)(A).

■ It is equally apparent, however, that the certification of the Secret Service Agents and the subsequent substitution of the United States had no effect on Ms. Billings' constitutional claims. The Order Correcting Caption clearly provides that the United States was substituted for the defendant Secret Service Agents only in regard to existing or potential common law claims. Ms. Billings argues that the substitution was improper because she has made no common law claims against the agents. However, Ms. Billings' complaint can arguably be read to assert such claims against the agents.

## B. Scope Certification of Ms. Quayle

■ Ms. Billings next claims that the district court erred by denying her motion to strike the government certification of Marilyn Quayle as a federal employee who was acting within the scope of her employment. Although the Attorney General's certification is conclusive for purposes of removal, the certification is subject to judicial review for purposes of substitution. *Meridian Int'l Logistics, Inc. v. United States,* 939 F.2d 740, 745 (9th Cir.1991). Certification by the Attorney General is prima facie evidence that a federal employee was acting in the scope of her employment at the time of the incident and is conclusive unless challenged. *Green,* 8 F.3d at 698. The party seeking review bears the burden of presenting evidence and disproving the Attorney General's certification by a preponderance of the evidence. *Id.* We review the district court's decision to grant the Attorney General's certification *de novo,* but review the relevant district court's findings of disputed fact for clear error. *Meridian,* 939 F.2d at 745; *Green,* 8 F.3d at 698.

■ Ms. Billings contends that Ms. Quayle was not an employee of the government at the time of this incident. In determining whether a defendant is a federal employee, we apply federal law. *Brandes v. United States,* 783 F.2d 895, 896 (9th Cir.1986). The FTCA defines the term "[e]mployee of the government" to include "persons acting on behalf of a federal agency in an official capacity, temporarily or permanently in the service of the United States, whether with or without compensation." 28 U.S.C. § 2671 (1988). The government's affidavits establish that during the period in question, Marilyn Quayle was a temporary government employee by virtue of her appointment to the Advisory Board of the Federal Emergency Management Agency (FEMA) and as Chairman of the Natural Disaster Advisory Board. Ms. Billings has the burden of disproving the certification. The district court found that Ms. Billings had failed to rebut the Attorney General's certification by a preponderance of the evidence. We conclude that the district court's finding was not clearly erroneous.

■ Ms. Billings also contends that Ms. Quayle was acting outside the scope of her federal employment. The district court, however, found that Ms. Quayle was acting in the scope of her employment. The question of Ms. Quayle's entitlement to substitution turns on California principles of respondeat superior. *Pelletier v. Federal Home Loan Bank of San Francisco,* 968 F.2d 865, 876 (9th Cir.1992). The key issue under California law is whether the act was committed in the course of carrying out the employer's business. *Perez v. Van Groningen & Sons, Inc.,* 41 Cal.3d 962, 719 P.2d 676, 227 Cal. Rptr. 106 (1986). Vicarious government liability will not attach where the employee *"has substantially deviated from his duties for personal purposes." Perez,* 227 Cal.Rptr. at 109, 719 P.2d at 679 (emphasis in original).

In this case, Ms. Quayle had been invited to travel to Southern California by the Director of FEMA for purposes of inspecting damage caused by the June 1992 Landers earthquake. FEMA paid for the trip, and Ms. Quayle received a per diem allowance from FEMA. The confrontation with Ms. Billings occurred while Ms. Quayle and the Director of FEMA were visiting the site of a collapsed building and were discussing the effects of the earthquake with people gathered nearby. Ms. Billings suggests that Ms. Quayle's trip was prompted by ulterior political motives. In the absence of facts to support that allegation, we decline to engage in such speculation and cannot say that the

district court's finding was clearly erroneous.[2] Generally, the issue of scope of employment is a question of fact, but becomes a question of law when the facts are undisputed and no conflicting inferences are possible. *Perez*, 227 Cal.Rptr. at 109–10, 719 P.2d at 679 (citations omitted).

### C. Dismissal of the 42 U.S.C. § 1983 Claims

The district court dismissed Ms. Billings' 42 U.S.C. § 1983 claims against the Secret Service Agents sua sponte on the basis that the statute applies only to individuals acting under color of state law, as opposed to federal agents acting under federal law. Ms. Billings asks us to reverse that dismissal based on her allegations that the federal agents acted jointly with state officials, San Bernardino County Sheriff's Officers, under color of state law. We review the district court's 12(b)(6) dismissal *de novo. Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir.1988).

We assume for purposes of this appeal that federal employees, like private individuals, can act under color of state law if they conspire or act in concert with state officials to deprive a person of her civil rights. *See Collins v. Womancare*, 878 F.2d 1145, 1154 (9th Cir.1989), *cert. denied*, 493 U.S. 1056, 110 S.Ct. 865, 107 L.Ed.2d 949 (1990); *Lopez v. Dep't of Health Services*, 939 F.2d 881, 883 (9th Cir.1991). There is, however, no evidence that the federal agents acted under color of state law. "Misuse of power, possessed by virtue of state law and made possible only because the wrongdoer is clothed with the authority of state law, is action taken 'under color of' state law." *Scott v. Rosenberg*, 702 F.2d 1263, 1269 (9th Cir.1983), *cert. denied*, 465 U.S. 1078, 104 S.Ct. 1439, 79 L.Ed.2d 760 (1984) (quoting

*United States v. Classic*, 313 U.S. 299, 326, 61 S.Ct. 1031, 1043, 85 L.Ed. 1368 (1941)). In this case the arrest was initiated and effected solely by the Secret Service Agents, pursuant to the procedures and protocols of their agency. Although San Bernardino County Sheriff's officers eventually took Ms. Billings into custody, they were clearly acting at the behest and under the direction of the federal agents. If the Secret Service Agents and the Sheriff's officers acted jointly, it was under the color of federal law. *See Scott*, 702 F.2d at 1269. Because § 1983 provides no cause of action against federal agents acting under color of federal law, *Daly–Murphy v. Winston*, 837 F.2d 348, 355 (9th Cir.1987), we conclude that the district court properly dismissed Ms. Billings' § 1983 claims.

### III. CONCLUSION

Accordingly, we **AFFIRM** the order of the district court.

---

2. Because of our holding today, we need not address the remainder of Ms. Billings' arguments regarding her common law claims against Ms. Quayle. Once the United States was substituted for Ms. Quayle, the district court properly dismissed these claims pursuant to Fed.R.Civ.Proc. 12(b)(1) for lack of subject matter jurisdiction. *See* 28 U.S.C. § 2679(d)(4) and (5).

The argument that Ms. Quayle ratified the federal agents' conduct after her federal employ-

ment had expired is similarly without merit. Ms. Billings offers no evidence that Ms. Quayle exerted the requisite level of control over the Secret Service agents to constitute a principal-agent relationship. *St. Paul Ins. Co. v. Industrial Underwriters Ins. Co.*, 262 Cal.Rptr. 490, 214 Cal. App.3d 117 (1989).