Jack R. **WHITEHORN, Plaintiff,**

v.

**FEDERAL COMMUNICATIONS COMMISSION, an Agency of the United States Government; and Does I Through XX, Inclusive; and Roes I Through XX, Inclusive, Defendants.**

**No. CV–S–02–0522PMP RJJ.**

United States District Court, D. Nevada.

Oct. 29, 2002.

1094

Jack R. Whitehorn, Las Vegas, NV, pro se.

Daniel D. Hollingsworth, U.S. Atty. Office, Las Vegas, NV, for defendant.

### ORDER

PRO, District Judge.

Presently before this Court is a Motion to Dismiss, or in the alternative, a Motion for Summary Judgment (Doc. # 5) filed by Defendant Federal Communications Commission ("FCC") on August 15, 2002. Plaintiff Jack R. Whitehorn ("Whitehorn") filed an Opposition (Doc. # 7) on August 30, 2002. Defendant FCC filed a Reply (Doc. # 8) on September 13, 2002.

### I. BACKGROUND

Plaintiff Whitehorn claims he was formerly the rightful and sole owner of WFDR, Inc., the licensee of two radio stations. (Compl., Ex., Federal Communications Commission Complaint [hereinafter "FCC Compl."] at 5.) Whitehorn further alleges that, without Whitehorn's knowledge or approval, WFDR's President initiated Chapter 11 bankruptcy proceedings for the company. (FCC Compl. at 4.)

Several facts are undisputed. On March 16, 1981, the United States Bankruptcy Court, Northern District of Georgia, overruled Whitehorn's objections to the sale of WFDR, Inc. (FCC Compl. at 5; Reply to Pl.'s Opp'n to Def.'s Mot. to Dismiss, or in the Alternative, Mot. for Summ. J. [hereinafter "Def.'s Reply"] at 2.) On August 14, 1981, the FCC, acting pursuant to an approved reorganization plan, granted transfer of WFDR, Inc. and the two FCC licenses to another company. (FCC Compl. at 7; Def.'s Reply at 2.) On May 11, 2001, Whitehorn filed a complaint with the FCC. (FCC Compl.; Def.'s Mot. to Dismiss, or in the Alternative, Mot. for Summ. J. [hereinafter "Def.'s Mot."] at 3.) Through a letter dated October 12, 2001, the FCC announced its final decision to deny White-

horn's claim for personal injury due to the transfer of WFDR, Inc.'s two licenses. (Pl.'s Opp'n to Def.'s Mot. to Dismiss, or in the Alternative, Mot. for Summ. J. [hereinafter "Pl.'s Opp'n"] at 4; Def.'s Reply at 3.)

On April 10, 2002, Whitehorn filed his present Complaint with this Court alleging violations of the Federal Torts Claims Act ("FTCA"), 42 U.S.C. § 1983; and 42 U.S.C. § 1985. (Compl.¶ 2.) Whitehorn seeks compensatory damages, attorney's fees, litigation costs and any other relief this Court "may deem proper and just." (FCC Compl. at 25–26.)

### II. LEGAL STANDARD

#### A. Standard for Federal Rule of Civil Procedure 12(b)(1)

A motion to dismiss for lack of subject matter jurisdiction pursuant to Federal Rule of Civil Procedure 12(b)(1) may be described in one of two ways. *Thornhill Publishing Co., Inc. v. General Tel. & Elec. Corp.*, 594 F.2d 730, 733 (9th Cir.1979) It may be described as facial, meaning that it attacks the sufficiency of the allegations to support subject matter jurisdiction. *Id.* Or it may be described as factual, meaning that it "attack[s] the existence of subject matter jurisdiction in fact." *Id.* Unless subject matter jurisdiction is affirmatively pled, the court will presume that it lacks subject matter jurisdiction. *Stock West, Inc. v. Confederated Tribes of the Colville Reservation*, 873 F.2d 1221, 1225 (9th Cir.1989) (citing *California ex rel. Younger v. Andrus*, 608 F.2d 1247, 1249 (9th Cir.1979)).

When considering a "facial" attack made pursuant to Rule 12(b)(1), a court must consider the allegations of the complaint to be true and construe them in the light most favorable to the plaintiff. *Love*

*v. United States,* 915 F.2d 1242, 1245 (9th Cir.1989).

Unlike a "facial" attack, a "factual" attack made pursuant to Rule 12(b)(1) may be accompanied by extrinsic evidence. *St. Clair v. City of Chico,* 880 F.2d 199, 201 (9th Cir.1989); *Trentacosta v. Frontier Pac. Aircraft Indus.,* 813 F.2d 1553, 1558 (9th Cir.1987). The opposing party must then "present affidavits or any other evidence necessary to satisfy its burden of establishing that the court, in fact, possesses subject matter jurisdiction." *St. Clair,* 880 F.2d at 201. When considering a factual attack on subject matter jurisdiction, "the district court is ordinarily free to hear evidence regarding jurisdiction and to rule on that issue prior to trial, resolving factual disputes where necessary." *Augustine v. United States,* 704 F.2d 1074, 1077 (9th Cir.1983) (citing *Thornhill Publishing Co., Inc.,* 594 F.2d at 733). "[N]o presumptive truthfulness attaches to plaintiff's allegations, and the existence of disputed material facts will not preclude the trial court from evaluating for itself the merits of jurisdictional claims." *Thornhill Publishing Co., Inc.,* 594 F.2d at 733 (quoting *Mortensen v. First Fed. Sav. & Loan Ass'n,* 549 F.2d 884, 891 (3rd Cir.1977)).

However, "[t]he relatively expansive standards of a 12(b)(1) motion are not appropriate for determining jurisdiction ... where issues of jurisdiction and substance are intertwined. A court may not resolve genuinely disputed facts where 'the question of jurisdiction is dependent on the resolution of factual issues going to the merits.'" *Roberts v. Corrothers,* 812 F.2d 1173, 1177 (9th Cir.1987) (quoting *Augustine,* 704 F.2d at 1077). In such a case, "the jurisdictional determination should await a determination of the relevant facts on either a motion going to the merits or at trial." *Augustine,* 704 F.2d at 1077 (citing *Thornhill,* 594 F.2d at 733–35). "In ruling on a jurisdictional motion involving factual issues which also go to the merits, the trial court should employ the standard applicable to a motion for summary judgment, as a resolution of the jurisdictional facts is akin to a decision on the merits." *Id.* (citing *Thornhill,* 594 F.2d at 733–34).

### B. Standard for Federal Rule of Civil Procedure 12(b)(6)

In considering a motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6), "all well-pleaded allegations of material fact are taken as true and construed in a light most favorable to the non-moving party." *Wyler Summit P'ship v. Turner Broad. Sys., Inc.,* 135 F.3d 658, 661 (9th Cir.1998) (citation omitted). However, the court does not necessarily assume the truth of legal conclusions merely because they are cast in the form of factual allegations in plaintiff's complaint. *See Clegg v. Cult Awareness Network,* 18 F.3d 752, 754–55 (9th Cir.1994). There is a strong presumption against dismissing an action for failure to state a claim. *See Gilligan v. Jamco Dev. Corp.,* 108 F.3d 246, 249 (9th Cir.1997) (citation omitted). "'The issue is not whether a plaintiff will ultimately prevail but whether [he] is entitled to offer evidence in support of the claims.'" *Id.* (quoting *Scheuer v. Rhodes,* 416 U.S. 232, 236, 94 S.Ct. 1683, 40 L.Ed.2d 90 (1974), *overruled on other grounds by Harlow v. Fitzgerald,* 457 U.S. 800, 807, 102 S.Ct. 2727, 73 L.Ed.2d 396 (1982)). Consequently, the court should not grant a motion to dismiss "for failure to state a claim unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Conley v. Gibson,* 355 U.S. 41, 45–46, 78 S.Ct. 99, 2 L.Ed.2d 80 (1957); *see also Hicks v. Small,* 69 F.3d 967, 969 (9th Cir.1995).

The liberal rules of notice pleading set forth in the Federal Rules of Civil Procedure do not require a plaintiff

to set out in detail the facts supporting his claim. *See* Fed.R.Civ.P. 8; *Swierkiewicz v. Sorema N.A.*, 534 U.S. 506, 512–13, 122 S.Ct. 992, 998, 152 L.Ed.2d 1 (2002). All the Rules require is " 'a short and plain statement' " that adequately " 'give[s] the defendant fair notice of what the plaintiff's claim is and the grounds upon which it rests.' " *Swierkiewicz*, 534 U.S. at 512–13, 122 S.Ct. at 998 (quoting *Conley*, 355 U.S. at 47, 78 S.Ct. 99). Therefore, a plaintiff merely must plead sufficiently to "establish a basis for judgment against the defendant." *Yamaguchi v. United States Dep't of the Air Force*, 109 F.3d 1475, 1481 (9th Cir.1997) (citations omitted). Further, a claim is sufficient if it shows that the plaintiff is entitled to any relief which the court can grant, even if the complaint asserts the wrong legal theory or asks for improper relief. *See United States v. Howell*, 318 F.2d 162, 166 (9th Cir.1963).

## III. DISCUSSION

Defendant FCC has moved to dismiss Whitehorn's Complaint on several grounds. For the reasons stated below, this Court will grant FCC's Motion to Dismiss.[1]

### A. FTCA Claim

According to the Government, the United States is the only proper defendant in a suit brought pursuant to the FTCA. The Government contends that, because Whitehorn named the FCC rather than the United States, Whitehorn's FTCA claim should be dismissed. The Government also asserts that, because Whitehorn allegedly failed to provide actual notice of his FTCA claim to the United States Attorney and the United States Attorney General within the statutorily mandated period, Whitehorn cannot amend his Complaint so as to properly name the United States. (Def.'s Mot. at 8–9.) In addition, the Government maintains that Whitehorn's claim is barred because he did not comply with the FTCA requirement that he file his claim with the relevant administrative agency within two years of the claim's accrual. (Def.'s Mot. at 10–11.)

Whitehorn argues that, by naming the Federal Communications Commission, an agency of the United States Government, as a defendant, he did in fact name the United States. Whitehorn also contends that he complied with the timely filing requirements of the FTCA.

The United States is the only proper defendant in a suit brought pursuant to the FTCA. *FDIC v. Craft*, 157 F.3d 697, 706 (9th Cir.1998); *Kennedy v. United States Postal Serv.*, 145 F.3d 1077, 1078 (9th Cir.1998). "A claim against [a federal agency] in its own name is not a claim against the United States." *Kennedy*, 145 F.3d at 1078. Nor is an agency a proper defendant under the FTCA. *Craft*, 157 F.3d at 706 (citing *Shelton v. United States Customs Serv.*, 565 F.2d 1140, 1141 (9th Cir.1977)). Because Whitehorn failed to name the United States as the defendant for his FTCA claim, this Court must dismiss his claim for lack of subject matter jurisdiction and for failure to state a claim

---

1. One of the arguments Whitehorn makes in his Opposition to the FCC's Motion to Dismiss involves the Notice of Intent to Take Default (Doc. # 3) filed with the Court on July 5, 2002. In Whitehorn's Notice of Intent to Take Default, Whitehorn attempted to serve notice on the FCC that he intended to move for default judgment. (Notice of Intent to Take Default, at 2.) Whitehorn alludes to this intent in his Opposition to the present Motion.

Whitehorn never formally moved this Court for default judgment. "Pro se litigants must follow the same rules of procedure that govern other litigants." *King v. Atiyeh*, 814 F.2d 565, 567 (9th Cir.1987). As a result, Whitehorn's attempt to obtain a default judgment fails. Further, given this Court's disposition with respect to the statutes of limitations issues, Whitehorn's attempt to obtain a default judgment from this Court is moot.

upon which relief can be granted. *See Kennedy*, 145 F.3d at 1078; *see also FDIC v. Meyer*, 510 U.S. 471, 475, 114 S.Ct. 996, 127 L.Ed.2d 308 (1994) (explaining that the FTCA acts as a limited waiver of the United States' sovereign immunity in certain cases and that "[s]overeign immunity is jurisdictional in nature").[2]

 Ordinarily, a *pro se* litigant must be allowed to amend his Complaint so as to name the proper party: "Unless it is absolutely clear that no amendment can cure the defect . . . a pro se litigant is entitled to notice of [his] complaint's deficiencies and an opportunity to amend prior to dismissal of the action." *Lucas v. Department of Corrs.*, 66 F.3d 245, 248 (1995). Before the United States may be substituted as a party under Federal Rule of Civil Procedure 15, however, it must receive actual notice prior to the running of the applicable statute of limitations. *Allen v. Veterans Admin.*, 749 F.2d 1386, 1390 (9th Cir.1984). "[A]ctual knowledge possessed by an agency will not be imputed to the United States." *Id.* (citing *Williams v. United States*, 711 F.2d 893, 898 (9th Cir.1983)). Both the Attorney General and the United States Attorney must receive notice of the suit before the expiration of the statutory period. *Id.* at 1390 ("This is not an unreasonable rule, particularly considering that Rule 4(d) of the Federal Rules of Civil Procedure re-

quires service upon both the United States Attorney and the Attorney General whenever an agency is sued.").

 Under 28 U.S.C. § 2401(b), a claimant has six months after final administrative denial in which to file a tort claim against the United States. The parties agree that, through a letter dated October 12, 2001, the FCC announced its final decision to deny Whitehorn's claim for personal injury allegedly incurred as a result of the transfer of WFDR, Inc.'s two licenses. (Pl.'s Opp'n at 4; Def.'s Mot. at 8.) The parties also agree that Whitehorn filed his Complaint on April 10, 2002—within the statutory period. (Pl.'s Opp'n at 7; Def.'s Mot. at 8.) Whitehorn did not, however, serve notice on the Attorney General until April 26, 2002—well after the expiration of the statutory period. (Pl.'s Opp'n at 9.) It also appears that Whitehorn did not serve notice on the United States Attorney until the much later date of July 23, 2002. (Receipt of Certificate of Service Received by United States Attorney on July 23, 2002 (Doc. # 4).) Because of Whitehorn's failure to provide the Attorney General and the United States Attorney with actual notice within the statutory period, Whitehorn cannot now amend his Complaint so as to name the United States as a defendant. *Allen*, 749 F.2d at 1388–90. Whitehorn's claim under the FTCA must therefore be dismissed without leave to amend.[3]

**2.** Whitehorn also asserts that, because he is a *pro se* litigant, his claim should not be dismissed for mere failure to name the United States as the proper defendant. (Pl.'s Opp'n at 6.) In support of this argument, he cites a decision of the United States District Court, District of Columbia in which the court states that, "given the well established judicial policy of holding *pro se* complaints to less stringent standards in pleading, it would seem harsh to dismiss the action on this basis." *Childress v. Northrop Corporation*, 618 F.Supp. 44, 48 (D.D.C.1985) (citation omitted). Whitehorn fails to point out, however, that the *Childress* court would still have re-

quired the *pro se* "plaintiff to seek leave to substitute the United States as a defendant." *Id.* As will be explained below, operation of the applicable statute of limitations bars Whitehorn from substituting the United States as a defendant.

**3.** Whitehorn alleges various constitutional tort claims based upon violations of the Fifth and Fourteenth Amendments of the United States Constitution. (Compl. at 3.) Because constitutional tort claims are not cognizable under the FTCA, these must be dismissed. *Meyer*, 510 U.S. at 477–78, 114 S.Ct. 996. The FTCA's jurisdictional grant, found at 28

Whitehorn's claim also fails because of his failure to comply with the 28 U.S.C. 2401(b) requirement that tort claims brought against the United States be "presented in writing to the appropriate Federal agency within two years after such claim accrues ...." In *Winter v. United States*, the 9th Circuit stated that "[a] claim accrues when a plaintiff knows that he has been injured and who has inflicted the injury." 244 F.3d 1088, 1090 (9th Cir. 2001) (citing *United States v. Kubrick*, 444 U.S. 111, 122–23, 100 S.Ct. 352, 62 L.Ed.2d 259 (1979)). The parties agree that, on August 14, 1981, the FCC granted transfer of WFDR, Inc. and the two FCC licenses. (FCC Compl. at 7; Def.'s Reply at 2–3.) They also agree that Whitehorn received a letter notifying him of the transfer. (FCC Compl. at 7; Def.'s Reply at 2.) Almost twenty years passed before Whitehorn filed his administrative tort claim with the FCC on May 11, 2001. (FCC Compl. at 26; Def.'s Mot. at 10.) Because Whitehorn did not file his administrative tort claim with the FCC within the time allotted for such claims, his FTCA claim must be dismissed.[4]

### B. 42 U.S.C. § 1983 Claim

According to the Government, Whitehorn's § 1983 claim must fail because he failed to allege that the FCC or its agents acted under color of state law and that the FCC's actions ultimately abridged rights created by the Constitution or federal statute. (Def.'s Mot. at 12.) The Government further contends that Whitehorn's § 1983 claim must be dismissed because he failed to file the claim within the applicable statutory period. (Def.'s Mot. at 11–12.)

Whitehorn asserts that " § 1983 must be broadly construed" so as to encompass his due process violation claim against the FCC. (Pl.'s Opp'n at 14.) Whitehorn does not specifically address the Government's contention that he failed to file his § 1983 claim before the expiration of the applicable statute of limitations. Instead, Whitehorn appears to imply that his claims under the FTCA and § 1983 are controlled by the same statute of limitations and refers the Court to his earlier discussion of FTCA's filing requirements.

Section 1983 provides a cause of action against any person who acts under color of *state* law to abridge federal statutory or constitutional rights. *See generally* 42 U.S.C. § 1983. On the other hand, § 1983 does not provide a cause of action for actions taken under color of *federal* law. *Flamingo Indus. (USA), Ltd. v. United States Postal Serv.*, 302 F.3d 985, 997 (9th Cir.2002) (citing *Billings v. United States*, 57 F.3d 797, 801 (9th Cir.1995)).

U.S.C. § 1346(b), provides that the United States may be held liable "where the United States, if a private person, would be liable to the claimant in accordance with the law of the place where the act or omission occurred." Under § 1346(b), " 'law of the place' means law of the State—the source of substantive liability under the FTCA. By definition, federal law, not state law, provides the source of liability for a claim alleging the deprivation of a federal constitutional right." *Meyer*, 510 U.S. at 478, 114 S.Ct. 996 (citation omitted).

4. To the extent that Whitehorn's Complaint can be interpreted to allege that the filing requirements of 28 U.S.C. § 2401(b) can be satisfied by *either* presenting the claim to the relevant agency within two years after it accrues *or* filing a claim in federal court within six months after final denial by the agency, Whitehorn's Complaint must be dismissed. (Pl.'s Opp'n at 6.) Both filing requirements must be satisfied before a federal district court can exercise jurisdiction over a claim brought pursuant to the FTCA. *Gibson v. U.S.*, 781 F.2d 1334, 1343 (9th Cir.1986), *cert. denied*, 479 U.S. 1054, 107 S.Ct. 928, 93 L.Ed.2d 979 (1987); *Dyniewicz v. U.S.*, 742 F.2d 484, 485 (1984).

Because the FCC acts under federal law, rather than state law, Whitehorn's allegations do not "establish a basis for judgment against the defendant." *Yamaguchi*, 109 F.3d at 1481. Whitehorn's § 1983 claim must be dismissed for lack of subject matter jurisdiction and for failure to state a claim upon which relief can be granted.[5] *See generally* Fed.R.Civ.P. 12(b).

Whitehorn's § 1983 claim also fails because he did not file it until after the expiration of the applicable statute of limitations. Because § 1983 does not contain a statute of limitations, state law determines the length of the period during which a § 1983 claim may be filed. *Bagley v. CMC Real Estate Corp.*, 923 F.2d 758, 760 (9th Cir.1991). Claims brought pursuant to § 1983 "are best characterized as personal injury actions" for purposes of a state's statute of limitations. *Wilson v. Garcia*, 471 U.S. 261, 276, 105 S.Ct. 1938, 85 L.Ed.2d 254 (1985). In Nevada, the applicable statute is Nevada Revised Statute 11.190(4)(e), which allows two years for the filing of personal injury claims. *Perez v. Seevers*, 869 F.2d 425, 426 (9th Cir. 1989).

A § 1983 claims is said to arise when the claimant " 'knows or has reason to know of the injury which is the basis of the action.' " *Bagley*, 923 F.2d at 760 (quoting *Norco Constr., Inc. v. King County*, 801 F.2d 1143, 1145 (9th Cir.1986)). In a letter to Whitehorn dated August 14, 1981, the FCC granted transfer of WFDR, Inc. and the two FCC licenses. (FCC Compl. at 7.) Plaintiff did not file his Complaint with this Court until April 10, 2002—eighteen years after the expiration of the statutory period.[6] (Pl.'s Opp'n at 7.) Because Whitehorn did not file his § 1983 claim within the statutory period, the claim must be dismissed.[7]

### C. 42 U.S.C. § 1985 Claim

Although Whitehorn alleges that the FCC acted in violation of 42 U.S.C. § 1985, he does not explain the nature of the alleged violation or indicate which subsection of § 1985 he wishes to invoke. The Government contends that, regardless of which subsection Whitehorn wishes to take advantage, his § 1985 claim must be dismissed because he failed to file his claim within two years of its accrual. The Government also argues that Whitehorn's § 1985 claim must be dismissed because he has failed to allege facts that would support a claim under any of § 1985's three subsections. The Government asserts that if Whitehorn intends that his claim be considered under § 1985(1), his claim must fail because he does not allege that he is a federal officer, or federal office holder, the class protected by § 1985(1). If Whitehorn intends that his claim be considered under § 1985(2), the Govern-

---

5. Whitehorn does not allege that FCC officials acted in concert with state officials so as to clothe themselves with the authority of state law. *See Billings*, 57 F.3d at 801. And, as explained below, the running of the statute of limitations bars Whitehorn from amending his Complaint so as to state such an allegation.

6. Whitehorn does not allege a basis for tolling of the statute of limitations pursuant to Nev. Rev.Stat. 11.250.

7. Whitehorn is also effectively barred from seeking recharacterization of his claim as one brought pursuant to the United States Supreme Court's ruling in *Bivens v. Six Unknown Named Agents*, 403 U.S. 388, 91 S.Ct. 1999, 29 L.Ed.2d 619 (1971). In *Van Strum v. Lawn*, 940 F.2d 406, 409–10 (9th Cir.1991), the Ninth Circuit held that actions brought pursuant to *Bivens* should, like actions brought pursuant to § 1983, be subject to state statutes of limitation and, for that purpose, be treated as personal injury actions. Because Whitehorn did not file his claim within the two year period set by Nevada Revised Statute 11.190(4)(e), he cannot seek recharacterization of his claim.

ment asserts that Whitehorn's claim must be dismissed because he failed to allege that a "conspiracy hampered his ability to present an effective case in federal court." (Def.'s Reply at 9.) As to § 1985(3), the Government maintains that Whitehorn's claim, if any, must be dismissed because he "failed to allege facts showing deprivation of his equal protection of the law, or deprivation of his equal privileges and immunities under the law which is motivated by racial, or other class-based, invidious discriminatory animus." (Def.'s Mot. at 15.) Whitehorn did not directly address this argument in his Opposition.

■ Whitehorn's allegations are insufficient to establish standing under § 1985(1). Section § 1985(1) affords protection only to federal officers and prospective federal officers. *Canlis v. San Joaquin Sheriff's Posse Comitatus,* 641 F.2d 711, 717 (9th Cir.1981), *cert. denied,* 454 U.S. 967, 102 S.Ct. 510, 70 L.Ed.2d 383 (1981). Whitehorn does not allege that he is, or ever was, a member of that protected class, and "it appears beyond doubt that [Whitehorn] can prove no set of facts in support of his claim which would entitle him to relief" pursuant to § 1985(1). *See Conley,* 355 U.S. at 45–46, 78 S.Ct. 99. Thus, Whitehorn's claims, if any, under § 1985(1) must be dismissed for lack of subject matter jurisdiction and for failure to state a claim upon which relief can be granted. *See generally* Fed.R.Civ.P. 12(b).

■ Whitehorn's allegations are also insufficient to sustain a claim brought pursuant to § 1985(2). Section 1985(2) consists of two distinct parts. *Bagley,* 923 F.2d at 763; *see David v. United States,* 820 F.2d 1038, 1040 n. 3 (9th Cir.1987). The first part of § 1985(2) protects parties and witnesses from conspiracies to deter them from attending, or testifying in, court proceedings. 42 U.S.C. § 1985(2). It also affords similar protections to grand and petit jurors. 42 U.S.C. § 1985(2). In *Miller v. Glen & Helen Aircraft, Inc.,* the Ninth Circuit enumerated the elements that must be pled in order to sustain a claim brought pursuant to the first part of § 1985(2): "(1) a conspiracy between two or more persons, (2) to deter a witness by force, intimidation or threat from attending court or testifying freely in any pending matter, which (3) results in injury to the plaintiff." 777 F.2d 496, 498 (9th Cir. 1985) (quoting *Chahal v. Paine Webber, Inc.,* 725 F.2d 20, 23 (2nd Cir.1984)). In short, "a claimant must show that the conspiracy hampered the claimant's ability to present an effective case in federal court." *Rutledge v. Arizona Bd. of Regents,* 859 F.2d 732, 735 (9th Cir.1988) (citing *David,* 820 F.2d at 1040; *Miller,* 777 F.2d at 498). Whitehorn does not allege that he has suffered, or imminently will suffer, an injury due to a conspiracy to hamper his ability to present an effective case in federal court. And his allegations do not "establish a basis for judgment against the defendant" pursuant to the first part of § 1985(2). *Yamaguchi,* 109 F.3d at 1481. Whitehorn does not have standing and this Court must dismiss his claim, if any, under the first part of § 1985(2) for lack of subject matter jurisdiction and for failure to state a claim upon which relief may be granted. *See generally* Fed.R.Civ.P. 12(b).

■ "The second part of [§ 1985(2)] creates a federal right of action for damages against conspiracies which obstruct the due course of justice in any State or Territory with intent to deny equal protection." *Bagley,* 923 F.2d at 763. This part of § 1985(2) requires a showing of class-based or racial animus. *Id.* (quoting *Phillips v. Bridgeworkers Local 118,* 556 F.2d 939, 940–41 (9th Cir.1977)). Because Whitehorn does not allege interference with state court proceedings, denial of

equal protection, and class-based or racial animus, his allegations are insufficient to "establish a basis for judgment against the defendant." *Yamaguchi*, 109 F.3d at 1481. Whitehorn's claim, if any, under the second part of § 1985(2) must be dismissed for lack of subject matter jurisdiction and failure to state a claim upon which relief can be granted. *See generally* Fed. R.Civ.P. 12(b).

 Whitehorn's allegations are also insufficient to sustain a claim brought pursuant to § 1985(3). A plaintiff who brings suit pursuant to § 1985(3) must allege the following:

> (1) a conspiracy; (2) for the purpose of depriving, either directly or indirectly, any person or class of persons of the equal protection of the laws, or of equal privileges and immunities under the laws; and (3) an act in furtherance of this conspiracy; (4) whereby a person is either injured in his person or property or deprived of any right or privilege of a citizen of the United States.

*Sever v. Alaska Pulp Corp.*, 978 F.2d 1529, 1537 (9th Cir.1992) (quoting *United Brotherhood of Carpenters v. Scott*, 463 U.S. 825, 828–29, 103 S.Ct. 3352, 77 L.Ed.2d 1049 (1983)). In addition, the plaintiff must allege that the second element is "motivated by 'some racial, or perhaps otherwise class-based, invidiously discriminatory animus.'" *Id.* (quoting *Griffin v. Breckenridge*, 403 U.S. 88, 102, 91 S.Ct. 1790, 29 L.Ed.2d 338 (1971)). Only where the government has determined that class members "require and warrant special federal assistance in protecting their civil rights" are § 1985(3) claims available to classes determined by factors other than race. *Id.* (quoting *Schultz v. Sundberg*, 759 F.2d 714, 718 (9th Cir.1985)). The Ninth Circuit requires "either that the courts have designated the class in question a suspect or quasi-suspect classification requiring more exacting scrutiny or

that Congress has indicated through legislation that the class required special protection." *Id.* (quoting *Schultz v. Sundberg*, 759 F.2d 714, 718 (9th Cir.1985)). "[C]onspiracies motivated by economic or commercial animus" are not cognizable under § 1985(3). *Scott*, 463 U.S. at 838, 103 S.Ct. 3352. Whitehorn does not allege that he was deprived the equal protection of the laws due to racial animus. Nor does he allege that he is a member of a governmentally designated class that requires more exacting scrutiny or special protection. Therefore, Whitehorn's allegations do not "sufficiently establish a basis for judgment against the defendant." *Yamaguchi*, 109 F.3d at 1481. Whitehorn's claims under § 1985(3), if any, must be dismissed for lack of subject matter jurisdiction and for failure to state a claim upon which relief can be granted. *See generally* Fed.R.Civ.P. 12(b).

Finally, Whitehorn's § 1985 claim fails because he did not file it within the applicable statute of limitations. Like suits brought pursuant to § 1983, suits brought pursuant to § 1985 are "characterized as personal injury actions and are governed by the same statute of limitations ...." *McDougal v. County of Imperial*, 942 F.2d 668, 673–74 (9th Cir.1991); *see Taylor v. Regents of the Univ. of Cal.*, 993 F.2d 710, 711–12 (9th Cir.1993), *cert. denied*, 510 U.S. 1076, 114 S.Ct. 890, 127 L.Ed.2d 83 (1994). In Nevada, the applicable statute is Nevada Revised Statute 11.190(4)(e) which allows two years for the filing of personal injury claims. *Perez v. Seevers*, 869 F.2d 425, 426 (1989). In its letter to Whitehorn dated August 14, 1981, the FCC granted transfer of WFDR, Inc. and the two FCC licenses. (FCC Compl. at 7.) Plaintiff did not file his complaint with this Court until April 10, 2002; many years after the expiration of the statutory period. (Pl.'s Opp'n at 7.) Whitehorn does not allege a basis for tolling of the statute of

limitations pursuant to Nevada Revised Statute 11.250. Because Whitehorn did not file his § 1985 claim within the two years allotted by statute, his claim must be dismissed.

## IV. CONCLUSION

IT IS THEREFORE ORDERED that Defendant Federal Communications Commission's Motion to Dismiss (Doc. # 5) is hereby GRANTED.