**David WITTY, Plaintiff,**

**v.**

**UNITED STATES of America, Defendant.**

**Civil Action No. 95–3180.**

United States District Court,
D. New Jersey.

Nov. 15, 1996.

Richard S. Kopleton, Law Offices of Raymond P. Vivino, Wayne, New Jersey, for Plaintiff.

Faith S. Hochberg, U.S. Attorney, Neil Gallagher, Assistant United States Attorney, United States Department of Justice, District of New Jersey, Newark, New Jersey, for the U.S.

OPINION

ORLOFSKY, District Judge:

Defendant has moved for partial summary judgment, pursuant to Fed.R.Civ.P. 56, on Plaintiff's claims for non-economic loss contained in the First Count of his complaint. The issues presented to the Court by Defendant's motion are: (1) whether the United States, which is self-insured, is nonetheless entitled to rely upon the immunity provided by New Jersey's "verbal threshold," N.J.S.A. § 39:6A–8a, an issue of first impression in this District; and (2) if so, whether the non-economic injuries alleged by the Plaintiff satisfy New Jersey's "verbal threshold." For the reasons that follow, I find that the United States, although self-insured, is entitled to the protective umbrella of immunity created by New Jersey's "verbal threshold" and that the non-economic injuries alleged by the Plaintiff do not meet the "verbal threshold." Accordingly, summary judgment will be granted on Plaintiff's claims for non-economic loss contained in the First Count of his complaint.

## I. Facts and Procedural History

This action arises out of a motor vehicle accident in Wayne, New Jersey, on May 6, 1993, between a motor vehicle owned and operated by the Plaintiff and a motor vehicle owned by the United States and operated by Edward DeRobertis, an agent of the Bureau of Alcohol, Tobacco and Firearms, while acting in the scope of his employment.

At the scene of the accident, Plaintiff complained of neck pain. (Gallagher Decl., Ex. H). Shortly thereafter, Plaintiff commenced a course of treatment with Dr. Lawrence Nessman and then physical therapy with Dr. Matthew Lister for approximately six months. (Gallagher Decl., Exs. B and D).

The Plaintiff's automobile insurance policy in effect at the time of accident included the election of a verbal tort threshold. (Gallagher Decl., Ex. A). The vehicle owned by the United States was self-insured by the Government and not covered by an insurance policy. (Gallagher Decl., Ex. H).

On July 5, 1995, Plaintiff filed the complaint in this action against the United States.[1] In the First Count of his complaint, Plaintiff alleges that Edward DeRobertis, while acting within the scope of his employment with the United States, negligently caused his vehicle to strike and collide with Plaintiff's vehicle on May 6, 1993. (Complaint, First Count ¶ 4). Plaintiff contends that, as a result of the accident, he "sustained serious personal injuries, some of which are believed permanent, was prevented from transacting his business, suffered great pain of body and mind and incurred expenses for medical expenses and hospitalization in the sum of $17,055.00." (Complaint, First Count ¶ 5). Plaintiff requests a judgment against the United States for $150,000.00 to compensate him for these injuries. (Complaint, First Count). Plaintiff also seeks to recover $2,595.15 from the Defendant for the damages sustained by his vehicle as a result of the accident. (Complaint, Second Count ¶ 4).

Defendant has moved for partial summary judgment on Plaintiff's claims for non-economic damages contained in the First Count of his Complaint.

## II. Summary Judgment Standard

A party seeking summary judgment must "show that there is no genuine issue as to any material fact and that [he or she] is entitled to judgment as a matter of law." Fed.R.Civ.P. 56(c). *See also Orson, Inc. v. Miramax Film Corp.,* 79 F.3d 1358, 1366 (3d Cir.1996); *Hersh v. Allen Products, Co.,* 789 F.2d 230, 232 (3d Cir.1986); *Lang v. New York Life Ins. Co.,* 721 F.2d 118, 119 (3d Cir.1983). In deciding whether there is a disputed issue of material fact the Court must view all inferences, doubts and issues of credibility in favor of the non-moving party. *See Pennsylvania Coal Ass'n v. Babbitt,* 63 F.3d 231, 236 (3d Cir.1995); *Helen L. v. DiDario,* 46 F.3d 325, 329 (3d Cir.), *cert. denied,* —— U.S. ——, 116 S.Ct. 64, 133 L.Ed.2d 26 (1995); *Hancock Indus. v. Schaeffer,* 811 F.2d 225, 231 (3d Cir.1987)

(citation omitted); *Meyer v. Riegel Prods. Corp.,* 720 F.2d 303, 307 n. 2 (3d Cir.1983), *cert. denied,* 465 U.S. 1091, 104 S.Ct. 2144, 79 L.Ed.2d 910 (1984). The threshold inquiry is whether there are "any genuine factual issues that properly can be resolved only by a finder of fact because they may reasonably be resolved in favor of either party." *Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 250, 106 S.Ct. 2505, 2511, 91 L.Ed.2d 202 (1986).

Moreover, Federal Rule of Civil Procedure 56(e) provides:

When a motion for summary judgment is made and supported as provided in this rule, an adverse party may not rest upon the mere allegations or denials of the adverse party's pleading, but the adverse party's response, by affidavits or as otherwise provided in this rule, must set forth specific facts showing that there is a genuine issue for trial. If the adverse party does not so respond, summary judgment, if appropriate, shall be entered against the adverse party.

Fed.R.Civ.P. 56(e).

Under this rule, a defendant must be awarded summary judgment on all properly supported issues identified in its motion, except for those for which a plaintiff has provided evidence to show that a question of material fact remains. Put another way, once the moving party has properly supported its motion, "its opponent must do more than simply show that there is some metaphysical doubt as to material facts." *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.,* 475 U.S. 574, 586, 106 S.Ct. 1348, 1356, 89 L.Ed.2d 538 (1986). A summary judgment movant may meet its burden by showing that the opposing party is unable to meet its burden of proof at trial. *Celotex Corp. v. Catrett,* 477 U.S. 317, 325, 106 S.Ct. 2548, 2553–54, 91 L.Ed.2d 265 (1986). Nonetheless, a defendant, as the moving party on the motion, bears the initial responsibility of demonstrating the absence of a genuine issue of material fact. *Id.*

---

**1.** Jurisdiction is conferred upon this Court pursuant to 28 U.S.C. § 1346(b) and the Federal Tort Claims Act, 28 U.S.C. §§ 2671 *et seq.*

## III. Discussion

The principal issue raised by Defendant's motion is whether the United States, which is self-insured and carries no automobile liability insurance, may rely on the immunities provided by New Jersey's statutory "verbal threshold"[2] as a defense to Plaintiff's claims for non-economic injuries. Because I conclude that the United States may rely on the immunities provided by the verbal threshold, I must also determine whether the non-economic injuries alleged by the Plaintiff in his complaint are sufficient to overcome the statutory hurdle embodied in New Jersey's verbal threshold.

For the reasons that follow, I conclude that the injuries alleged by Plaintiff do not satisfy the verbal threshold, and therefore, will grant Defendant's motion for partial summary judgment on Plaintiff's claims for non-economic injury contained in the First Count of his complaint.

### A. Applicability of New Jersey's Statutory Verbal Threshold

■ Plaintiff's suit against the United States is brought pursuant to the Federal Tort Claims Act ("FTCA"), 28 U.S.C. §§ 2671 et seq., which "subjects the United States to tort liability for negligence." *Reo v. United States Postal Service*, 98 F.3d 73, (3d Cir.1996). Under the FTCA, the United States is liable "in the same manner and to the same extent as a private individual under like circumstances." 28 U.S.C. § 2674. Moreover, the FTCA provides that the United States is liable for tort claims in accordance with the law of the place where the tortious act occurred. *See Reo*, at 75 (" 'the

extent of the United States' liability under the FTCA is generally determined by reference to state law' ") (citing *Molzof v. United States*, 502 U.S. 301, 112 S.Ct. 711, 116 L.Ed.2d 731 (1992)).

In this case, because the tortious act of the Defendant is alleged to have occurred in New Jersey, the liability, if any, of the United States must be determined by reference to New Jersey law. In New Jersey, the right of a plaintiff in a motor vehicle accident case to sue for non-economic losses, *i.e.*, pain and suffering, is governed by statute. N.J.S.A. § 39:6A-8 provides in relevant part that:

> Every owner, registrant, operator or occupant of an automobile to which [N.J.S.A. § 39:6A-4] personal injury protection coverage, regardless of fault, applies, and every person or organization legally responsible for his acts or omissions, is hereby exempted from tort liability for noneconomic loss to a person who is subject to this subsection and who is either a person who is required to maintain the coverage mandated by this act, or is a person who has a right to receive benefits under [N.J.S.A. § 39:6A-4].

Under the New Jersey statutory scheme, "[p]ersons buying automobile insurance ... choose between two types of coverage regarding the right to seek recovery of noneconomic losses resulting from automobile-related injuries." *Oswin v. Shaw*, 129 N.J. 290, 297, 609 A.2d 415 (1992) (citing N.J.S.A. § 39:6A-8). The first type of coverage, known as "the 'verbal threshold,' allows for recovery for noneconomic losses resulting only from those personal injuries that fit into one of nine specified categories."[3] *Id.* at

---

**2.** New Jersey's verbal threshold, N.J.S.A. § 39:6A-8, provides in relevant part that:

> Every owner, registrant, operator or occupant of an automobile to which [N.J.S.A. § 39:6A-4] personal injury protection coverage, regardless of fault, applies, and every person or organization legally responsible for his acts or omissions, **is hereby exempted from tort liability for noneconomic loss** to a person who is subject to this subsection and who is either a person who is required to maintain the coverage mandated by this act, or is a person who has a right to receive benefits under [N.J.S.A. § 39:6A-4]. (Emphasis supplied).

**3.** The nine categories or "types" of injuries specified in N.J.S.A. § 39:6A-8a are as follows:
> type 1: death;
> type 2: dismemberment;
> type 3: significant disfigurement;
> type 4: a fracture;
> type 5: loss of a fetus;
> type 6: permanent loss of use of a body organ member, function or system;
> type 7: permanent consequential limitation of use of a body organ or member;
> type 8: significant limitation of use of a body function or system; and
> type 9: a medically determined injury or impairment of a non-permanent nature which prevents the injured person from performing

297, 609 A.2d 415 (citing N.J.S.A. § 39:6A–8a).

The second type of coverage is the "traditional tort option, which allows unrestricted recovery of noneconomic damages." *Id.* (citing N.J.S.A. § 39:6A–8b). The insured who elects the second option "pays a higher premium in return for the unlimited right to sue." *Id.*

A review of the statutory language of N.J.S.A. § 39:6A–8 reveals that a two-prong analysis is required in order to determine whether a particular plaintiff is subject to the verbal threshold. The first prong requires an examination of whether the defendant is an "owner, registrant operator or occupant of an automobile to which [N.J.S.A. § 39:6A–4] personal injury protection coverage, regardless of fault, applies." N.J.S.A. § 39:6A–8.

The second prong requires the court to determine whether the plaintiff is a "person who is subject to [§ 39:6A–8] and who is either a person who is required to maintain the coverage mandated by this act, or is a person who has a right to receive benefits under [N.J.S.A. § 39:6A–4]." N.J.S.A. § 39:6A–8. Having selected the "verbal threshold" option on his automobile insurance policy application, Plaintiff has satisfied the second prong.

Plaintiff, however, contends that he is not subject to the verbal threshold since the first prong is not met. Plaintiff argues that because United States is self-insured, it is not an "owner" of an automobile within the meaning of New Jersey's no-fault insurance law. While the United States does not dispute that it is literally not an "owner, registrant operator or occupant of an automobile to which [N.J.S.A. § 39:6A–4] personal injury protection coverage, regardless of fault, applies," *see* N.J.S.A. § 39:6A–8, it maintains that it is nonetheless entitled to rely upon the immunities provided by the verbal threshold. The United States contends that,

because the FTCA provides only a limited waiver of sovereign immunity by subjecting the United States to tort claims "in the same manner and to the same extent as a private individual under like circumstances," *see* 28 U.S.C. § 2674, the United States must be analogized to a private owner of an automobile covered by New Jersey's no-fault insurance.

In support of this contention, the United States relies upon *Nationwide Mutual Ins. Co. v. United States,* 3 F.3d 1392 (10th Cir. 1993). In that case, the Tenth Circuit held that the United States was permitted to rely on Colorado's statutory equivalent[4] to New Jersey's verbal threshold, because "even though the United States was self-insured it should be considered to be in 'like circumstances' to a private party who had obtained Colorado no-fault insurance through a Colorado licensed insurance company." *Id.* at 1393. In so holding, the court reasoned that because the Supremacy Clause of Article VI of the United States Constitution precludes a state from requiring the United States to maintain state-licensed insurance, "so long as the United States provides protection that is equivalent to that which Colorado can and does require of private parties, the United States should be able to take advantage of the immunity that Colorado law offers to private parties." *Id.* at 1396.

The court noted that rather than procuring a policy from a Colorado insurer, the United States "maintained a system of self-insurance whereby it paid benefits from its own coffers pursuant to FECA [Federal Employees Compensation Act], 5 U.S.C. § 8101, *et seq.,*" and thus found that the United States had "functionally complied" with the requirements of Colorado law by "maintaining a financially responsible system of self-insurance." *Id.*

Similarly, in *United States Fidelity & Guaranty Co. v. United States,* 728 F.Supp.

---

substantially all of the material acts which constitute that person's usual and customary daily activities for not less than 90 days during the 180 days immediately following the occurrence of the injury or impairment.

**4.** C.R.S. § 10–4–714 precludes a person entitled to receive PIP benefits from seeking damages for

bodily injury against the tortfeasor unless the victim's injuries resulted in death, dismemberment, permanent disability or disfigurement, medical and rehabilitative expenses greater than $2500, or economic losses in excess of the minimum PIP coverages.

651 (D.Utah 1989), the court concluded that the United States was in 'like circumstances' to a private individual who complied with the literal provisions of the Utah no-fault statute, finding that the "federal government provide[d] its employees with financial security at least equivalent to that required by Utah law." *Id.* at 654. *See also Lafferty v. United States,* 880 F.Supp. 1121, 1135–36 (E.D.Ky.1995) (United States' "functional compliance" with Kentucky's personal injury protection statute enabled it to take advantage of immunities provided by the Kentucky statute); *Allstate Ins. Co. v. United States,* 864 F.Supp. 1015, 1017–19 (D.Co.1994).[5]

■ I find the reasoning of the decisions of the federal circuit and district courts discussed above to be persuasive, and therefore conclude that the United States, notwithstanding its self-insured status, is entitled to rely upon the immunities provided by New Jersey's statutory verbal threshold.

The Federal Employees Compensation Act, 5 U.S.C. §§ 8101, *et seq.,* like New Jersey's no-fault insurance, "provides that federal government employees are entitled to no-fault benefits for any injuries stemming from the performance of work, including unlimited coverage for medical bills, rehabilitation, and lost wages, and also provides death benefits tied to an employee's salary." *Allstate,* 864 F.Supp. at 1019; *United States Fidelity,* 728 F.Supp. at 654; *see also* 5 U.S.C. §§ 8101, *et seq.* The maintenance of such a "financially responsible system of self-insurance," by the United States, *see Nationwide Mutual,* 3 F.3d at 1396, places it in "like circumstances" with a private owner of an automobile covered by New Jersey's no-fault insurance. The entirely fortuitous circumstance that Plaintiff was involved in an automobile accident with a vehicle owned and operated by the United States should not place him in a more advantageous position than had he been involved in an accident with a privately owned vehicle.

Accordingly, I find that the Plaintiff is subject to New Jersey's statutory verbal threshold and may only recover from the United States those non-economic damages which satisfy New Jersey's "verbal threshold."

### B. *Satisfaction of the Verbal Threshold*

A plaintiff who is subject to New Jersey's statutory verbal threshold is barred from recovering damages for non-economic injuries unless his or her injuries fall within one of nine specified categories. N.J.S.A. § 39:6A–8a sets forth the nine "types" of injuries which will satisfy the verbal threshold as follows:

type 1: death;

type 2: dismemberment;

type 3: significant disfigurement;

type 4: a fracture;

type 5: loss of a fetus;

type 6: permanent loss of use of a body organ member, function or system;

type 7: permanent consequential limitation of use of a body organ or member;

type 8: significant limitation of use of a body function or system; and

type 9: a medically determined injury or impairment of a non-permanent nature which prevents the injured person from performing substantially all of the material acts which constitute that person's usual and customary daily activities for not less than 90 days during the 180 days immediately following the occurrence of the injury or impairment.

■ Plaintiff contends that his injuries meet the verbal threshold since they are "type–7", "type–8" and "type–9" injuries. In order to survive summary judgment, a plain-

---

5. Other courts have also found other state damage cap laws to be applicable to the United States in analogous situations. *See, e.g., Lozada v. United States,* 974 F.2d 986 (8th Cir.1992) (United States hospital entitled to invoke Nebraska statute placing a ceiling on medical malpractice liability, even though United States did not contribute to compensation fund as required by the statute); *Carter v. United States,* 982 F.2d 1141 (7th Cir.1992) (United States hospital entitled to invoke Indiana statute limiting the liability of qualified medical providers because the United States functionally complied with the prerequisites); *Owen v. United States,* 935 F.2d 734 (5th Cir.1991) (United States entitled to invoke Louisiana statute limiting medical malpractice liability).

tiff must present objective evidence demonstrating a 'fit' within one or more of the statutory categories. *Oswin v. Shaw*, 129 N.J. 290, 318, 609 A.2d 415 (1992). This threshold legal issue is to be determined by the court. *Id.* at 322, 609 A.2d 415. If the court determines that "evidence bearing on a plaintiff's injuries could, if believed by the factfinder, satisfy the statutory verbal threshold requirement, any disputed issues regarding the nature and extent of those injuries must be decided by the jury." *Id.* at 313, 609 A.2d 415. However, "[s]ubjective complaints of pain alone will be insufficient to provide this proof," as will the mere "parroting of statutory words by the physician as to medical conclusions." *Puso v. Kenyon*, 272 N.J.Super. 280, 284–85, 639 A.2d 1120 (App. Div.1994) (citing *Oswin*, 129 N.J. at 319–20, 609 A.2d 415).

█ In this case, Plaintiff first contends that his injuries meet the verbal threshold because he has suffered a "permanent consequential limitation of use of a body organ or member," or "type–7" injury. In order to demonstrate this type of injury, a plaintiff must present objective proof from which a fact-finder could conclude that his injury is both permanent *and* consequential. *See Dyszel v. Marks*, 6 F.3d 116, 129 (3d Cir. 1993).

In support of this contention, Plaintiff points to the following evidence of, what he deems to be "objective evidence of injury:"

· The MRI taken approximately one month after the accident reflecting that he had sustained a bulging lumbar disc; (Gallagher Decl., Ex. B)

· The opinion of Dr. Lawrence Nessman approximately two months after the accident that:

  In view of the fact that this patient had extensive physical therapy and still has low back pain, has positive MRI in the lumbosacral spine with a bulging annulus at L5–S1, and has a positive inclinometer in the area of the lumbosacral spine with associated pain, surgical intervention will be necessary in the future; (Gallagher Decl., Ex. B)

· Dr. Nessman's and Dr. Lister's reports indicating the Plaintiff suffered from muscle spasm; (Gallagher Decl., Exs. B and E)

· Reports indicating that Plaintiff experienced limitation of motion; (Gallagher Decl., Exs. B and E); and

· Abnormal neurological testing. (Gallagher Decl., Exs. B and E)

While this evidence may be "objective evidence" of injury, in order to constitute a "type–7" injury, Plaintiff must also present objective evidence that his injury is also *both permanent and consequential.* The evidence on which Plaintiff relies fails to satisfy either criteria.

█ Indeed, the evidence upon which Plaintiff relies reflects no objective findings whatsoever regarding the permanency of Plaintiff's alleged injuries. Dr. Nessman's opinion, contained in his report, dated, July 8, 1993, just two months after the accident, does not state that any of Plaintiff's injuries are permanent. (Gallagher Decl., Ex. B). In addition, Dr. Lister's report, dated January 18, 1994, just over eight months after the accident, also in no way states or suggests that Plaintiff's injuries may be permanent. (Gallagher Decl., Ex. E). At the time of his report, dated January 18, 1994, Dr. Lister had only treated the Plaintiff for slightly over six months, and even if Plaintiff had not shown improvement during that time, "[a] mere six months of treatment does not demonstrate permanence of disability." *Oswin*, 129 N.J. at 320, 609 A.2d 415.

█ Nor does the evidence of a bulging lumbar disc, muscle spasm, limited movement and abnormal neurological testing shortly after the accident support a finding that Plaintiff suffered any *permanent* injuries as a result of the accident. "The injury by itself does not fulfill the statutory requirement; rather, the resultant loss and disability are the key." *See Oswin*, 129 N.J. at 318, 609 A.2d 415 (limitation in range of motion, without evidence of permanence or significant limitation of use, is insufficient to meet verbal threshold).

The evidence to which Plaintiff points in support of his alleged "level–7" injury is distinguishable from the evidence found suffi-

cient in *Arencibia v. Rosas,* 270 N.J.Super. 339, 347–48, 637 A.2d 205 (App.Div.1994). In that case, the plaintiff not only presented objective evidence of injury such as limited range of motion, spasm, and abnormal neurological tests, but also noted that several of her treating physicians had concluded that her injuries were permanent. *Id.* at 348, 637 A.2d 205.

In the present case, Plaintiff points to no such conclusions by any of his treating physicians. Accordingly, because Plaintiff has failed to present the Court with any objective evidence of any permanent injuries resulting from the accident, I conclude that his injuries do not constitute "type–7" injuries within the meaning of N.J.S.A. § 39:6A–8a.[6]

▆ Plaintiff also contends that he has experienced a "significant limitation of use of a body function or system," or "type–8" injury. The term, "significant," is " 'construed to mean something more than a minor limitation of use.' " *Arencibia,* 270 N.J.Super. at 347, 637 A.2d 205 (citing *Oswin,* 129 N.J. at 316, 609 A.2d 415). Plaintiff relies upon the same evidence to support this contention as he does to support his assertion of a "type–7" injury. This evidence, however, although reflecting some injury, does not constitute objective medical evidence of significant limitation of use of a body function or system. *See Oswin,* 129 N.J. at 320, 609 A.2d 415. As noted by the New Jersey Supreme Court in *Oswin,* evidence of the injury, alone, without more, will not satisfy the verbal threshold. *Id.* Objective evidence of the requisite limitation caused by the injury—such as permanence or substantial limitation—must also be presented. *Id.* Because Plaintiff has failed to present this Court with any evidence to support a finding that his injuries resulted in a "significant limitation of use of a body function or system," I conclude that his injuries do not constitute "type–8" injuries within the meaning of N.J.S.A. § 39:6A–8a.

▆ Finally, Plaintiff argues that the verbal threshold is satisfied because he has suffered a "type–9" injury. As set forth above, a "type–9" injury requires objective proof of:

a medically determined injury or impairment of a non-permanent nature which prevents the injured person from performing substantially all of the material acts which constitute that person's usual and customary daily activities for not less than 90 days during the 180 days immediately following the occurrence of the injury or impairment.

N.J.S.A. § 39:6A–8a.

The undisputed evidence contained in the summary judgment record reveals that Plaintiff's injuries do not fall within this injury category, as well. Although Dr. Nessman concluded in his report, dated July 8, 1993, that "the patient has been prevented from engaging in and performing usual and customary activities for a period of more than 90 days," (Gallagher Decl., Ex. B), mere conclusions by a physician parroting the statutory language do not suffice to meet the Plaintiff's burden. *Oswin,* 129 N.J. at 319–20, 609 A.2d 415. Moreover, it is interesting to note that Dr. Nessman concluded in his report dated July 8, 1993, just over *sixty* days after the accident, that the Plaintiff *"has been prevented* from engaging in and performing usual and customary activities *for a period of more than 90 days."* (Gallagher Decl., Ex. B) (emphasis supplied).

In fact, the undisputed evidence contained in the record reveals that the Plaintiff was quite active and able to engage in his usual and customary activities in the months following his accident. The record indicates that the Plaintiff returned to his job as a union roofer on June 10, 1993, about one month after the accident. Plaintiff acknowledges that he continued to perform roofing work throughout the next several months, and admits that he reinjured his back while at work on September 8, 1993. (Witty Dep. at 26–31, 42; Gallagher Decl. Ex. L).

Based upon the foregoing, I find that the Plaintiff has failed to provide the Court with objective medical evidence of an injury which prevented him from "performing substantially all of the material acts which constitute [his] usual and customary daily activities for

**6.** Because I find that the Plaintiff has failed to satisfy the "permanence" prong of a "type–7" injury, the "consequential" prong of a "type–7" injury need not be addressed by this Court.

not less than 90 days during the 180 days immediately following the [accident]." *See* N.J.S.A. § 39:6A–8a. Therefore, I conclude that the Plaintiff's injuries do not constitute "type–9" injuries within the meaning of N.J.S.A. § 39:6A–8a.

Because the Plaintiff has failed to present this Court with objective evidence of any injuries which would fit within one of the nine statutory categories set forth in N.J.S.A. § 39:6A–8a, Plaintiff is precluded from recovering the non-economic damages alleged in the First Count of his complaint. Accordingly, I will grant partial summary judgment in favor of the United States and against the Plaintiff on Plaintiff's claims for non-economic damages contained in the First Count of his complaint.

This Court will enter an appropriate order.

### ORDER

This matter having come before the Court on Defendant's motion for partial summary judgment on Plaintiff's claims for non-economic injuries contained in the First Count of his complaint; and,

The Court having considered the written submissions of the parties, including the briefs and declarations in support of, and in opposition to Defendant's motion;

For the reasons set forth in the Court's Opinion filed concurrently with this Order;

IT IS HEREBY ORDERED on this 15th day of November, 1996, that Defendant's motion for partial summary judgment on Plaintiff's claims for non-economic injuries contained in the First Count of his complaint is granted.