**CONTINENTAL INSURANCE COMPANY OF NEW JERSEY, Plaintiff,**

v.

**UNITED STATES of America and United States Postal Service, Defendants.**

Civ. No. 04–2189 (WHW).

United States District Court, D. New Jersey.

Sept. 15, 2004.

Sandra Grossman, Law Offices of Steven G. Kraus, Warren, NJ, for Plaintiff.

Anthony J. Labruna, Jr., U.S. Attorney's Office, Newark, NJ, for Defendants.

## OPINION

WALLS, District Judge.

This matter is before the Court on the Defendants' motion to dismiss the complaint. Oral arguments were heard on this motion by the Court on September 13, 2004.

## FACTS AND PROCEDURAL BACKGROUND

The plaintiff in this case is Continental Insurance Company of New Jersey ("Continental"), a corporation licensed to write automobile insurance in New Jersey. The defendants in this case are the United States of America ("US") and the United States Postal Service ("USPS"). The complaint arises from a vehicular accident involving a driver who is covered by an automobile insurance policy underwritten by the plaintiff. The other party to the accident was an employee of the USPS who was a driving a van owned by the USPS. The complaint alleges that this cause of action arises under the Federal Tort Claims Act ("FTCA") 28 U.S.C. § 2671 and that this Court has jurisdiction pursuant to the FTCA under 28 U.S.C. § 1346(b).

The person injured in the accident filed an application for personal injury protection ("PIP") benefits with the plaintiff under the insurance policy. The plaintiff made the PIP payments and paid claims expenses on behalf of the injured party in the amount of $940.92. The complaint alleges that the defendants are liable to the plaintiff for the PIP payments and claims expenses pursuant to N.J.S.A. § 39:6A–9.1.

The defendants filed a motion to dismiss the claims against them on the ground that this Court lacks subject matter jurisdiction to hear the case and for failure to state a claim.

## STANDARDS

### *Standard for a Rule 12(b)(6) Motion to Dismiss*

On a motion to dismiss pursuant to Fed. R.Civ.P. 12(b)(6), the court is required to accept as true all allegations in the complaint and all reasonable inferences that can be drawn therefrom, and to view them in the light most favorable to the non-moving party. *Pinker v. Roche Holdings Ltd.*, 292 F.3d 361, 374 n. 7 (3d Cir.2002). The question is whether the claimant can prove any set of facts consistent with his or her allegations that will entitle him or her to relief, not whether that person will ultimately prevail. *Hishon v. King & Spalding*, 467 U.S. 69, 73, 104 S.Ct. 2229, 81 L.Ed.2d 59 (1984).

While a court will accept well-plead allegations as true for the purposes of the motion, it will not accept unsupported conclusions, unwarranted inferences, or sweeping legal conclusions cast in the form of factual allegation. See *Miree v. DeKalb County, Ga.*, 433 U.S. 25, 27 n. 2, 97 S.Ct. 2490, 53 L.Ed.2d 557 (1977). Moreover, the claimant must set forth sufficient information to outline the elements of his claims or to permit inferences to be drawn that these elements exist. See Fed. R.Civ.P. 8(a)(2); *Conley v. Gibson*, 355 U.S. 41, 45–46, 78 S.Ct. 99, 2 L.Ed.2d 80 (1957). The Court may consider the allegations of the complaint, as well as documents attached to or specifically referenced in the complaint, and matters of public record. See *Sentinel Trust Co. v. Universal Bonding Ins. Co.*, 316 F.3d 213, 216 (3d Cir.2003); *see also* 5B WRIGHT & MILLER, FEDERAL PRACTICE & PROCEDURE § 1357 at 299 (3d ed.1998).

"A 'document integral to or explicitly relied on in the complaint' may be considered 'without converting the motion [to dismiss] into one for summary judgment.'" *Mele v. Federal Reserve Bank of N.Y.*, 359 F.3d 251, 255 n. 5 (3d Cir.2004) (citing *In re Burlington Coat Factory Sec. Litig.*, 114 F.3d 1410, 1426 (3d Cir.1997)). "Plaintiffs cannot prevent a court from looking at the texts of the documents on which its claim is based by failing to attach or explicitly cite them." *Id.*

*Standard for a Rule 12(b)(1) Motion to Dismiss*

 Unlike a motion to dismiss for failure to state a claim pursuant to Fed. R.Civ.P. 12(b)(6), in a motion to dismiss for lack of subject matter jurisdiction pursuant to Fed.R.Civ.P. 12(b)(1), no presumption of truthfulness attaches to the allegations in the complaint and the court may consider matters outside the pleadings such as affidavits and other material properly before the court. *Anjelino v. New York Times Co.*, 200 F.3d 73, 87 (3d Cir. 1999). In a Rule 12(b)(1) motion, "the Court is free to weigh the evidence and satisfy itself whether it has the power to hear the case." *Carpet Group Intern. v. Oriental Rug Importers Ass'n, Inc.*, 227 F.3d 62, 69 (3d Cir.2000) (citing *Mortensen v. First Federal Savings & Loan Ass'n*, 549 F.2d 884, 891 (3d Cir.1977)). "[T]he existence of disputed material facts will not preclude the trial court from evaluating for itself the merits of jurisdictional claims. Moreover, the plaintiff will have the burden of proof that jurisdiction does in fact exist." *Mortensen*, 549 F.2d at 891. The plaintiff must not only demonstrate that a controversy existed at the time it filed suit but that it continues to exist throughout the litigation. *Lusardi v. Xerox Corp.*, 975 F.2d 964, 974 (3d Cir.1992). A motion to dismiss for lack of subject matter jurisdiction predicated on the legal insufficiency of a claim may be granted if the claim "clearly appears to be immaterial and made solely for the purpose of obtaining jurisdiction or . . . is wholly insubstantial and frivolous." *Gould Electronics Inc. v. US*, 220 F.3d 169, 178 (3d Cir.2000) (quoting *Kehr Packages, Inc. v. Fidelcor, Inc.*, 926 F.2d 1406, 1408–09 (3d Cir.1991)).

## DISCUSSION

*Motion to Dismiss as to USPS.*

 The law supports the defendants' argument that this Court lacks jurisdiction to as to USPS. In an action brought pursuant to the FTCA, the United States is the only proper defendant. *See Whitehorn v. F.C.C.*, 235 F.Supp.2d 1092 (D.Nev.2002), *Federal Deposit Ins. Corp. v. Blackburn*, 109 F.R.D. 66 (E.D.Tenn.1985), *Denney v. U.S. Postal Service*, 916 F.Supp. 1081 (D.Kan.1996) (holding that the USPS was not proper defendant in personal injury action brought pursuant to the FTCA), *Clark v. U.S.*, 481 F.Supp. 1086 (S.D.N.Y. 1979) (holding that chapter 171 of the USC and section 1346(b) of this title authorize suit against the United States only and not against federal agencies in their own name). Therefore, the claims against USPS are dismissed.

*Motion to Dismiss as to US.*

It seems that the reason the defendants base this motion on both lack of subject matter jurisdiction and failure to state a claim is because jurisdiction under the FTCA is conditioned on the existence of circumstances in which a private person would be liable to the claimant. According to 28 U.S.C. § 1346(b):

> Subject to the provisions of chapter 171 of this title, the district courts, together with the United States District Court for the District of the Canal Zone and the District Court of the Virgin Islands, shall have exclusive jurisdiction of civil actions on claims against the United States, for money damages, accruing on and after January 1, 1945, for injury or loss of property, or personal injury or death caused by the negligent or wrongful act or omission of any employee of the Government while acting within the scope of his office or employment, under circumstances where the United States, if a private person, would be liable to the claimant in accordance with the law of the place where the act or omission occurred.

As the tort in this case occurred in New Jersey, whether a claim exists against the U.S. under the FTCA depends on the law of that state. The FTCA further states that the "United States shall be liable, respecting the provisions of this title relating to tort claims, in the same manner and to the same extent as a private individual under like circumstances...." 28 U.S.C. § 2674 (2000).

The plaintiff here is relying on N.J.S.A. § 39:6A–9.1 as the law under which a private person would be liable to the plaintiff. That statute states in its entirety:

> An insurer, health maintenance organization or governmental agency paying benefits pursuant to subsection a., b. or d. of section 13 of P.L.1983, c. 362 (C.39:6A–4.3), personal injury protection benefits in accordance with section 4 or section 10 of P.L.1972, c. 70 (C.39:6A–4 or 39:6A–10), medical expense benefits pursuant to section 4 of P.L.1998, c. 21 (C.39:6A–3.1) or benefits pursuant to section 45 of P.L.2003, c. 89 (C.39:6A–3.3), as a result of an accident occurring within this State, shall, within two years of the filing of the claim, have the right to recover the amount of payments from any tortfeasor who was not, at the time of the accident, required to maintain personal injury protection or medical expense benefits coverage, other than for pedestrians, under the laws of this State, including personal injury protection coverage required to be provided in accordance with section 18 of P.L.1985, c. 520 (C.17:28–1.4), or although required did not maintain personal injury protection or medical expense benefits coverage at the time of the accident. In the case of an accident occurring in this State involving an insured tortfeasor, the determination as to whether an insurer, health maintenance organization or governmental agency is legally entitled to recover the amount of payments and the amount of recovery, including the costs of processing benefit claims and enforcing rights granted under this section, shall be made against the insurer of the tortfeasor, and shall be by agreement of the involved parties or, upon failing to agree, by arbitration.

N.J.S.A. § 39:6A–9.1 (1998). At least one New Jersey state court case has interpreted the meaning of this statute:

> The first class refers to insured commercial or public vehicles without PIP coverage. (A key limitation of the No–Fault Law is its applicability only to private-passenger automobiles. Craig & Pomeroy, supra, at § 1.2–4b(1); George J. Kenny & Frank A. Lattal, New Jersey Insurance Law, § 11.4 (1993).) The second class refers to uninsured tortfeasors. The statute further provides that if the tortfeasor is insured, his or her insurer is liable for the PIP-reimbursement payment. Therefore, recovery from an uninsured tortfeasor may be direct, but recovery from an insured tortfeasor must be through his or her insurer. The legislative policy behind shielding commercial tortfeasors from personal liability was " 'to protect small commercial operators from the danger of being rendered insolvent by being held liable for large PIP reimbursement claims that sometimes arise from catastrophic injuries.' "

*Unsatisfied Claim & Judgment Fund Bd. v. New Jersey Mfrs. Ins. Co.,* 138 N.J. 185, 193–194, 649 A.2d 1243, 1247 (N.J.,1994) (quoting *Liberty Mut. Ins. Co. v. Selective Ins. Co.,* 271 N.J.Super. 569, 574, 638 A.2d 1389 (Law Div.1993)).

*The Parties' Arguments*

The defendants think the issue is "whether the U.S. is considered under like circumstances to an individual who has maintained insurance coverage or to an individual who has no insurance coverage." Dfts' Brief, p. 3. They rely on a number of

cases that held that the U.S. is to be treated as if it has functionally complied with the requirements to maintain insurance because the U.S. is self-insured. They argue that because the U.S. is to be treated as a person who has complied with the NJ insurance requirements, the exception allowing insurers to seek reimbursement from tortfeasors does not apply to this case. The defendants argue that the analysis undertaken by the Tenth Circuit in *Nationwide Mutual Ins. Co. v. US*, 3 F.3d 1392 (10th Cir.1993), is applicable to the NJ statutes governing no-fault insurance. The defendants also rely on *U.S. Fidelity & Guaranty Co. v. US*, 728 F.Supp. 651 (D.Utah 1989) and *Witty v. US*, 947 F.Supp. 137 (D.N.J.1996). While none of these cases are directly on point, nor are they controlling in this jurisdiction, they do present some similar issues and the analysis and reasoning of these cases is explored further below.

The defendants also point to a Third Circuit case that discusses the basic principles of the interpretation of the government's waiver of sovereign immunity. Those principles are:

> It is a fundamental principle of sovereign immunity that federal courts do not have jurisdiction over suits against the United States unless Congress, via a statute, expressly and unequivocally waives the United States' immunity to suit." *United States v. Bein*, 214 F.3d 408, 412 (3d Cir.2000) (citing *United States v. Mitchell*, 463 U.S. 206, 212, 103 S.Ct. 2961, 77 L.Ed.2d 580 (1983)). "[W]hen the Government does consent to be sued, 'the terms of [the] waiver of sovereign immunity define the extent of the court's jurisdiction.'" *Id.* (quoting *United States v. Mottaz*, 476 U.S. 834, 841, 106 S.Ct. 2224, 90 L.Ed.2d 841

(1986)). "Waivers of the Government's sovereign immunity, to be effective, must be unequivocally expressed, and any such waiver must be construed strictly in favor of the sovereign." *Id.* (quoting *United States v. Nordic Village, Inc.*, 503 U.S. 30, 33–34, 112 S.Ct. 1011, 117 L.Ed.2d 181 (1992)) (internal quotation marks omitted). The FTCA waives the government's sovereign immunity when government employees act negligently within the scope of their official duties. 28 U.S.C. § 1346(b).

*Dolan v. U.S. Postal Service*, 377 F.3d 285, 287 (3rd Cir.2004).

The plaintiff contends that whether the U.S. is considered to be functionally insured is irrelevant to this case. The plaintiff's argument is that under the FTCA, the U.S. can be likened to a tortfeasor who was either not required to carry PIP benefits coverage or medical expense coverage or was a tortfeasor who was so required but did not do so. The plaintiff essentially argues that because the U.S. is not required to maintain automobile insurance on the vehicles it owns pursuant to NJ regulations, it is therefore in like circumstances to other persons who are not required to maintain such insurance and therefore is subject to a suit for reimbursement. The plaintiff relies on *GEICO v. Allstate Ins. Co.*, 358 N.J.Super. 555, 818 A.2d 474 (App.Div.2003), for the proposition that an out-of-state insurance company which is not subject to the NJ deemer statute,[1] and therefore not required to provide PIP benefits pursuant to NJ law, is not excluded from the reimbursement provisions of N.J.S.A. § 39:6A–9.1 even though the insurance company voluntarily provided such benefits. The *GEICO* court held that "[b]ecause GEICO is not obligat-

---

1. The New Jersey deemer statute mandates that some automobile insurance companies that are authorized to write insurance in New Jersey include within their out-of-state issued policies certain New Jersey automobile insurance coverages. *See* N.J.S.A. § 17:28–1.4.

ed to provide PIP benefits, it is not excluded from reimbursement and must reimburse Allstate for the PIP benefits Allstate had to pay that were caused by GEICO insured tortfeasors." *Id.* at 577, 818 A.2d 474. The plaintiff also contends that if a private person owned the postal truck which was used in a commercial/occupational way, that private person would be subject to the reimbursement provisions of the NJ statute.

The defendants responded to these arguments by charging that even if the court were to find the U.S. to be subject to the reimbursement provisions of N.J.S.A. § 39:6A–9.1 because it was not the type of vehicle that was required to carry PIP insurance under NJ law, the plaintiff still cannot succeed against the U.S. because the U.S. would qualify as an insured tortfeasor under the second part of N.J.S.A. § 39:6A–9.1. The defendants argue that if the U.S. is considered an insured tortfeasor, the only cause of action the plaintiff can maintain is against the insurer, not the tortfeasor. When the U.S. accepts liability under like circumstances as a private individual, the U.S. is in like circumstances to an insured individual. But, the defendants argue, the U.S. cannot be sued as the insurer of the tortfeasor. First, the defendants point out that the U.S. is not a licensed insurance carrier under NJ law. They also argue that since the NJ statutes do not define "licensed insurance carrier" or "insurer", applying the standard rules of statutory construction and giving the words their plain meaning leads to the conclusion that the U.S. is neither an insurer nor an insurance carrier. The defendants further contend that the U.S. has not waived sovereign immunity for indemnity claims and rely on *United Services Automobile Association v. U.S.*, 105 F.3d 185 (4th Cir.1997), to support this proposition. Given that the cause of action provided by N.J.S.A. § 39:6A–9.1 is a direct cause of action not linked to any subrogation rights, the defendants charge that there has been no waiver of sovereign immunity for a direct action by the insurer against the U.S. according to *US Fidelity & Guaranty Co.*, 728 F.Supp. at 655.

*Discussion*

 In arguing that the U.S. is immune from liability like other private persons who carry the required insurance, the defendants are relying primarily on *Nationwide Mutual Insurance Co. v. US*, 3 F.3d 1392, a case decided by the Tenth Circuit in 1993. There, a woman who was insured by Nationwide had a car accident with a U.S. postal truck in Colorado. At the time the U.S. was self-insured. Nationwide paid PIP benefits to the woman and then brought suit in federal district court seeking reimbursement from the U.S. under the FTCA and Colorado automobile insurance statutes. Like NJ, Colorado had a no-fault automobile insurance scheme that required every owner of a motor vehicle operated and registered in the state to be insured by a complying policy. Also like NJ, the Colorado statute exempted certain vehicles from the insurance requirements, most notably, vehicles owned by the US. The language of the Colorado statute granting immunity from suits seeking reimbursement for PIP benefits paid out is different from the NJ statute stated above. The Colorado statute provides in full:

> Neither any person eligible for direct benefits described in section 10–4–706 nor any insurer providing benefits described in section 10–4–706 shall have any right to recover against an owner, user, or operator of a motor vehicle or against any person or organization legally responsible for the acts or omissions of such person in any action for damages for benefits required to be paid under section 10–4–706, regardless of any deductible option, waiting period, or percentage limitation; except that an insur-

er paying benefits under section 10–4–706 to or for any one person for whose injuries legal liability exists or may exist on the part of a third person who is not an insured under a policy of automobile liability insurance issued by an insurer licensed to write automobile liability insurance in this state shall have a direct cause of action against an alleged tort-feasor to only the extent of the alleged tort-feasor's insurance coverage in excess of reasonable compensation paid to the injured person for such person's injury or damage by the alleged tort-feasor's insurer when the injured person could recover in tort pursuant to section 10–4–714.

*Nationwide Mutual Insurance Co.,* 3 F.3d at 1395, n. 3. The exception to immunity under the Colorado statute applies when the tortfeasor is someone "who is not an insured under a policy of automobile liability insurance issued by an insurer licensed to write automobile liability insurance in this state...." *Id.* The exception to immunity under the NJ statute applies when the tortfeasor "who was not, at the time of the accident, required to maintain personal injury protection or medical expense benefits coverage ... under the laws of this State, ... or although required did not maintain personal injury protection or medical expense benefits coverage at the time of the accident." N.J.S.A. § 39:6A–9.1. These two statutes differ, therefore, in terms of when immunity is lifted. In Colorado, immunity was lifted when the person was not insured under a Colorado policy. In NJ, immunity is lifted when a person is not required to carry the NJ insurance or when they are required but do not do so. Colorado goes one step further, however, in lifting immunity. In a separate statute, the Colorado law states:

Nothing in this part 7 shall be construed to limit the right to maintain an action in tort by either a provider of direct benefits under section 10–4–706 or by a person who has been injured or damaged as a result of an automobile accident against an alleged tortfeasor where such alleged tortfeasor was ... [u]sing or operating a motor vehicle not required to be covered under the provisions of this part 7, unless coverage equivalent to that required under section 10–4–706 was, at the time of occurrence of the alleged tortious conduct, actually provided for the benefit of persons for whom benefits are provided under section 10–4–707.

*Nationwide Mutual Insurance Co.,* 3 F.3d at 1395, n. 4. This statute adds a wrinkle to the Colorado exception by stating that an insurer can also seek reimbursement from a tortfeasor who was not required to carry Colorado automobile insurance so long as the tortfeasor does not have insurance coverage that is equivalent to that required under Colorado automobile insurance law. Therefore, while both the Colorado and NJ statutes permit insurers to seek reimbursement from tortfeasors who are not required to carry the insurance under state law, NJ does not limit its immunity exception to those tortfeasors who have insurance which is not the equivalent to that required by the state. This means that NJ's statute allows insurers to recover PIP benefits from more tortfeasors than is allowed under the Colorado statute.

Keeping in mind these differences, the Tenth Circuit found that in order for the U.S. to claim the immunity benefits of the Colorado statute, it had to satisfy the requirements of section 10–4–713(1) and 10–4–715(1)(a). *Nationwide Mutual Insurance Co.,* 3 F.3d at 1395, n. 5. More specifically, the court found that the U.S. had to first satisfy the requirements of section 10–4–715(1)(a)—that the self-insurance of the U.S. had to be "equivalent" to the state insurance scheme—before it would be entitled to the immunity benefits under section 10–4–713(1). *Id.* The court remanded on

the issue of whether the U.S. self-insurance was the equivalent of that provided under the state insurance requirements. *Id.* at 1395. The court then went on to evaluate whether the U.S. had met the requirements of section 10–4–713(1) and it found that the U.S. had indeed satisfied these requirements. The court stated as follows:

> In light of these principles, and the fact that the Supremacy Clause of Article VI of the U.S. Constitution precludes Colorado from requiring the United States to maintain insurance with a Colorado licensed insurer (a fact Colorado itself recognizes), it seems to us that so long as the United States provides protection that is equivalent to that which Colorado can and does require of private parties, the United States should be able to take advantage of the immunity that Colorado law offers to private parties. Accordingly, since the United States functionally complied with the requirements of § 10–4–713(1) by maintaining a financially responsible system of self-insurance, we conclude that the United States was in "like circumstances" to a private individual who actually procured insurance from a Colorado licensed insurer.

*Id.* at 1396.

The finding in *Nationwide Mutual Ins. Co.* that the U.S. was in like circumstances to a person who is insured according to the Colorado insurance statutes did not take away from the fact that the U.S. was not required to obtain the insurance that the state required of other private individuals. In stating that the U.S. still had to meet the requirements of section 10–4–715(1)(a), the court implicitly was saying that the U.S. is still like a private individual who was not required to be insured under the Colorado laws.

Given that the NJ statute lifts immunity when the tortfeasor is either not required to be insured or is so required but does not do so, the issue in this case seems to be whether the U.S. is like a private person who is not required to be insured. The Colorado statute says that a tortfeasor can be sued if the tortfeasor is not insured by an insurer licensed to write automobile liability insurance in the state of Colorado. And if a tortfeasor is insured but not because he was required to do so under Colorado law, he can still be sued if his insurance is not equivalent. The NJ statute lifting immunity is all about whether the tortfeasor was required to carry insurance pursuant to NJ law, not whether the tortfeasor actually had insurance. As the Tenth Circuit's finding that the U.S. was in like circumstances to a private person insured under the laws of Colorado did not have any effect on whether the U.S. was a person required to carry the insurances, whether the U.S. in this case is considered in like circumstances to an insured person is not determinative.

In light of the fact that NJ has a statute that exempts vehicles owned by the United States from the state insurance regulations, N.J.S.A. § 39:6–54, making the U.S. like other persons who are not required to carry insurance pursuant to NJ automobile insurance regulations, the U.S. seems to fit squarely within the category of persons who may be sued under N.J.S.A. § 39:6A–9.1—persons who are not required to maintain PIP protection benefits coverage or medical expense benefits coverage under the laws of NJ. And the fact that there are other private persons who are not required to carry insurance pursuant to NJ regulations, i.e., individuals who have a "motor vehicle with a pickup body, a delivery sedan, a van, or a panel truck or a camper type vehicle ... customarily used in the occupation, profession or business of the insured other than farming or ranching," N.J.S.A. § 39:6A–2(a) supports the conclusion that the U.S. is in like circum-

stances to other private persons who use their vehicle for occupational purposes.

The defendants' reliance on *US Fidelity & Guaranty Co. v. US,* 728 F.Supp. 651 (D.Utah 1989), does not cut against this Court's conclusion. Like the Tenth Circuit case the defendants cite, the court in *US Fidelity & Guaranty Co.* found that "[b]ecause the federal government provides its employees with financial security at least equivalent to that required by Utah law, the federal government is in similar circumstances to a 'secured' owner or operator of a vehicle...." *Id.* at 654. The plaintiff in that case argued that the U.S. did not maintain owner's or operators security under Utah law and that therefore it could not benefit from the immunity from suit granted to people who did maintain such security. The immunity statute in Utah excepted from its benefits those owners of motor vehicles on which owner's or operator's security was required by law but who failed to have the security in effect at the time of the accident. *Id.* (citing Utah Code Ann. § 41–12a–304). While it is not entirely clear from the opinion, it seems that the plaintiff was trying to argue that the U.S. either should have been or was required to carry insurance pursuant to Utah law. There was a Utah statute that stated that "[t]he United States or any political subdivision of it, or any of its agencies, *may maintain owner's or operator's security* in effect in respect to their motor vehicles." *Id.* (citing Utah Code Ann. § 41–12a–301(4)). Given this statute, the court found that the U.S. was not an owner or operator required to have security under Utah Code Ann. § 41–12a–304, and that therefore the U.S. was immune from tort liability. *Id.* at 654. Since the statute in this case only lifted immunity as to tortfeasors who were required to carry the requisite insurance, this case does not deal with a statute like that in NJ which allows reimbursement from those persons not required to carry insurance pursuant to NJ regulations.

The last case the defendants rely on to support their argument that the U.S. is in like circumstances to a person insured as required by the laws of NJ is *Witty v. US,* 947 F.Supp. 137 (D.N.J.1996). The facts of this case are different in several respects from the case at hand. First, the plaintiff was the injured motorist, not his insurer. Second, the NJ insurance statutes at issue in the case differed from the statutes relevant to this case. More specifically, the plaintiff was seeking non-economic damages, and the U.S. argued that it was immune from suit under NJ's statutory verbal threshold. Verbal threshold coverage allows recovery for noneconomic damages resulting only from those personal injuries that fit into one of nine categories enumerated in the statute. *Id.* at 141–42. The statute provides in relevant part that:

> Every owner, registrant, operator or occupant of an automobile to which [NJSA 39:6A–4]personal injury protection coverage, regardless of fault, applies, and every person or organization legally responsible for his acts or omissions, is hereby exempted from tort liability for noneconomic loss to a person who is subject to this subsection and who is either a person who is required to maintain the coverage mandated by this act, or is a person who has a right to receive benefits under [NJSA 39:6A–4].

N.J.S.A. § 39:6A–8. The court stated that in order to be subject to the verbal threshold, a two-part test must be satisfied. *Id.* at 142. The first part of the test required examination of whether the U.S. was an owner, registrant operator or occupant of an automobile to which PIP protection coverage, regardless of fault, applies. *Id.* The court found that given the language of the FTCA, the U.S. must be analogized to a

private owner of a car covered by the NJ no-fault insurance scheme. *Id.* at 143.

While all of the cases relied on by the defendants hold that the U.S. is in like circumstances to a private person who maintains insurance coverage pursuant to the laws of the relevant state, none of the cases stand for the position that the U.S. must be analogized to persons who are *required* to be insured according to the laws of a given state. While this distinction is subtle, it is relevant given the NJ statute under which the plaintiff alleges liability.

Keeping in mind the principles enunciated earlier regarding waiver of sovereign immunity, finding that the U.S. is not immune to suits seeking reimbursement of PIP benefits under NJ law does not necessarily mean that the U.S. will be subject to greater liability than that Congress intended when it passed the FTCA. The second part of N.J.S.A. § 39:6A–9.1 dealing with insured tortfeasors and the case law that has interpreted whether the U.S. can be considered to be in like circumstances to a tortfeasor's insurance company essentially rules out any possibility that a cause of action could lie against the U.S. under the circumstances of this case.

The defendants' argument that the U.S. must be analogized to an individual insured tortfeasor is persuasive. Given the holdings of the cases discussed earlier finding that the U.S. must be considered in like circumstances to other private individuals who have complied with the state insurance requirements, and the fact that the U.S. is self-insured leads to the conclusion that the U.S. should be considered an insured tortfeasor for the purposes of this case as well.

After stating that an insurer can seek reimbursement from a tortfeasor who was not required or was required but did not maintain the requisite insurance, N.J.S.A. § 39:6A–9.1 states as follows:

In the case of an accident occurring in this State involving an *insured tortfeasor*, the determination as to whether an insurer, health maintenance organization or governmental agency is legally entitled to recover the amount of payments and the amount of recovery, including the costs of processing benefit claims and enforcing rights granted under this section, shall be made against the insurer of the tortfeasor, and shall be by agreement of the involved parties or, upon failing to agree, by arbitration.

N.J.S.A. § 39:6A–9.1 (emphasis added). Given this Court's finding that the U.S. should be considered in like circumstances to an insured tortfeasor, the plaintiff is left with this last portion of the statute which provides that an insurer seeking reimbursement must proceed against the insurer, not the tortfeasor himself. § 39:6A–9.1. Furthermore, in the case of an insurer seeking reimbursement from another insurer, the only way to recover such monies is by agreement of the parties, or, if no such agreement can be reached, then by arbitration. § 39:6A–9.1.

There is little case law on this issue, but at least one other federal district court has found that the FTCA does not waive sovereign immunity to the extent that the U.S. could be liable as an insurer. In *US Fidelity & Guaranty Co.*, the court said that "[s]overeign immunity is waived in the Federal Tort Claims Act to the extent a private individual in similar circumstances would be liable and not to the extent a private individual's insurer would be." 728 F.Supp. at 655. The intercompany-reimbursement statute in that case stated as follows:

6) Every policy providing personal injury protection coverage shall provide:

(a) that where the insured under the policy is or would be held legally liable for the personal injuries sustained by

any person to whom benefits required under personal injury protection have been paid by another insurer, including the Workers' Compensation Fund of Utah, the insurer of the person who would be held legally liable shall reimburse the other insurer for the payment, but not in excess of the amount of damages recoverable; and (b) that the issue of liability for that reimbursement and its amount shall be decided by mandatory, binding arbitration between the insurers

*Id.* (citing Utah Code Ann. § 31A–22–309(6)). The court went to say that "[a]lthough the federal government may be an insurer, the inter-company claim is not a tort claim nor can it be asserted against a private individual as contemplated in 28 U.S.C. § 2674 and 28 U.S.C. § 1346(b). The inter-company claim for reimbursement of PIP benefits is a statutory and contractual remedy not based on personal tort liability." *Id.* at 655. The court then goes on to say that even if the U.S. could be characterized as an insurer, the plaintiff would still be without a remedy because the U.S. could not be subjected to the mandatory arbitration procedure under the Utah statute. *Id.* (citing *Liberty Mutual Co. v. US,* 490 F.Supp. 328 (E.D.N.Y. 1980)). The court in *Liberty Mutual Co. v. US,* stated as follows:

> Even if the United States could be characterized as an insurer within the above definition, *Liberty Mutual* would still be without a remedy against the United States in the instance case. It is clear that the United States could not be made subject to the mandatory arbitration procedure specified in § 674, because it would conflict with the administrative arrangement established in the Federal Tort Claims Act. See 28 U.S.C. §§ 2401(b) and 2675(a) and fn. 2 *supra.* With a circularity so typical of the law, the Tort Claims Act thus waives the immunity of the United States on the

substantive side while simultaneously pre-empting the applicable State law on the procedural side.

490 F.Supp. at 334, n. 9. The sections of the U.S.Code that the court was referring to pertain to the time and method of commencing an action against the U.S. under the FTCA. Like the statutes discussed in *US Fidelity & Guaranty Co.* and *Liberty Mutual Co.,* the NJ statute also requires that the only way to proceed against the U.S. as an insurer for reimbursement is by agreement or arbitration. Given that the U.S. is unlikely to agree to reimburse the plaintiff in this case for paid PIP benefits, the only avenue left would be arbitration.

The reasoning set out in both *US Fidelity & Guaranty Co.* and *Liberty Mutual Co.* is persuasive and while not binding on this court, should be followed now. There has been no waiver of sovereign immunity by the government for it to be sued as an insurer. Furthermore, this Court concurs with the court's finding in *Liberty Mutual Co.,* that the U.S. cannot be subjected to a mandatory arbitration provision for insurers. By adopting that reasoning, it follows then that the FTCA does not confer jurisdiction for the U.S. to be sued as an insurer.

In sum, while the U.S. is in like circumstances to those private persons who are not required to carry insurance pursuant to NJ state law, because the U.S. is self-insured and is analogized to other private individuals insured pursuant to NJ regulations and qualifies as an insured tortfeasor under N.J.S.A. § 39:6A–9.1. Importantly, then the U.S. has not waived immunity to be sued as an insurer rather than as a private person under the FTCA. That said, the plaintiff has no cause of action against the U.S. under the FTCA as there is no jurisdiction. The motion to dismiss the complaint is granted.

## CONCLUSION

Defendants' motion to dismiss the complaint is GRANTED.

## ORDER

It is on this 15th day of September, 2004:

ORDERED that Defendants' motion to dismiss the complaint is GRANTED.